In the Matter of the Petition of JACOB C. MILLER, Creditor, Claimant, to Compel FRANK H. McKNIGHT, as Administrator, etc., of JOHN W. McKNIGHT, Deceased, to Account and Render and File an Account of Proceedings as Such Administrator. FRANK H. McKNIGHT, Appellant; JACOB C. MILLER, Respondent.— This is an appeal by an administrator from an order and decree of the Surrogate's Court of Rensselaer County allowing and directing payment of the claim of one Jacob Miller in the sum of $250, and also from an order of the same court allowing fifty dollars costs to claimant. Apparently the decedent died some time in 1939 — the precise date does not appear in the record. The claim presented was for $250, for alleged services in training two horses from March 30, 1931, to September 18, 1931, and for twenty-five dollars for three sets of boots furnished; less a credit for cash paid on November 16, 1937. There is neither allegation nor proof that the two separate items claimed for were one and part of the same transaction. The Statute of Limitations of six years began to run against the claim for services as of the date of the last service alleged to have been performed. (Civ. Prac. Act, §§ 11, 15.) To take the claim out of the statute claimant relied upon the testimony of a third party that decedent on November 16, 1937, orally admitted that he owed claimant $250 for training horses. This was insufficient to revive a debt which was then barred by the statute.

An acknowledgment or new promise must be in writing. (Civ. Prac. Act, § 59; *Wakulaw* v. *State Bank*, 214 App. Div. 673; *Shapley* v. *Abbott*, 42 N. Y. 443.) The orders and decrees should be reversed and the claim dismissed. Orders and decrees reversed on the law and facts and the claim dismissed. Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ., concur.