LAURETTE ELLIOTT, as Administratrix of the Estate of EUGENE ELLIOTT, Deceased, Respondent-Appellant, v. ROXIE GIAN, Doing Business as GIAN CONSTRUCTION, Appellant-Respondent.

Fourth Department, June 27, 1963.

*Millane & McGowan* (*J. Vaughan Millane, Jr.,* of counsel), for respondent-appellant.

*William B. Mahoney* and *John B. Corcoran* for appellant-respondent.

*Per Curiam.* In this case, there was a verdict in favor of the plaintiff for the sum of $67,000 for the performance of certain electrical work, upon a *quantum meruit* basis. We find that the verdict of the jury was amply sustained by the evidence. The only question which merits discussion is the question raised by the cross appeal by the plaintiff from the denial by the court of interest upon the amount awarded, prior to the date of verdict.

The proof established that the major part of the work was completed and accepted on or about August 17, 1959. The complaint as amended sought recovery of interest from December 1, 1959, which was stated on the trial to be the date when 95% of the work was completed. At the conclusion of the court's charge, the plaintiff's attorney asked the court to submit to the jury the plaintiff's claim to interest from March 3, 1960, the date of an alleged demand for payment. The court accordingly submitted the claim to the jury but the jury reported that, after agreeing upon a verdict of $67,000 for the value of the work performed, it had taken a separate vote on the question of whether interest should be allowed and it had decided not to allow any interest. Subsequently, the plaintiff moved for an order directing the addition of interest " from the date of the completion and acceptance of the contract work herein or from a reasonable time thereafter ". This motion was denied and from that denial, the plaintiff cross-appealed.

The plaintiff was in error in requesting the submission of the question of interest to the jury. Under section 480 of the Civil Practice Act, the plaintiff was entitled to interest as a matter of right since the action was one " based upon breach of performance of a contract, express or implied ". Under section 480, as amended by chapter 623 of the Laws of 1927, it is immaterial that the claim was an unliquidated one and that the amount owing by the defendant could not be ascertained with certainty prior to the jury's verdict (*Preston Co.* v. *Funkhouser,* 261 N. Y. 140, affd. 290 U. S. 163; *Flamm* v. *Noble,* 296 N. Y. 262). The erroneous submission of the question to the jury and the jury's erroneous rejection of the claim for interest could not affect the plaintiff's right to interest, under the mandatory terms of the statute.

The question remains as to the date from which interest should be computed. Generally under section 480, interest begins

to run from the date the cause of action accrued, i.e., the date of the breach of the contract (*Greater New York Coal & Oil Corp.* v. *Philadelphia & Reading Coal & Iron Co.*, 278 N. Y. 270; *Brown* v. *Godefroy Mfg. Co.*, 278 App. Div. 242; *Hart* v. *United Artists Corp.*, 252 App. Div. 133, 139; 13 N. Y. Jur., Damages, § 133, pp. 629–630). In an action to recover for work performed on a *quantum meruit* basis, the cause of action accrues when the work is completed and accepted (*Matter of Miller,* 263 App. Div. 1024; 2 Carmody-Wait, New York Practice, § 108, p. 283).

Before the 1927 amendment of section 480, it had been held that, in an action to recover for the value of services, interest would not begin to run from the date of performance but would begin to run from the date of a demand for payment and, if no demand was made, interest would run only from the date of the commencement of the action (*Prager* v. *New Jersey Fid. & Plate Glass Ins. Co.*, 245 N. Y. 1; *Blackwell* v. *Finlay,* 233 N. Y. 361). Under this rule, the demand was held to be sufficient, even though it was for an amount greatly in excess of the amount ultimately determined to be owing and was therefore of little value in advising the defendant of the amount required to be paid to avoid the running of interest (*Prager* v. *New Jersey Fid. & Plate Glass Ins. Co., supra*). However, this rule was superseded by the 1927 amendment to section 480. Under the amended statute, there is no need to make a demand in order to start interest running, unless a demand is essential to the accrual of the cause of action.

It is of interest to note that subdivision (b) of section 5001 of the new CPLR to take effect September 1, 1963, provides that " [i]nterest shall be computed from the earliest ascertainable date the cause of action existed ". The sponsors of the new statute indicate in their note (Third Preliminary Report of the Advisory Committee on Practice and Procedure, Legis. Doc. [1959], No. 17, pp. 89–90) that the quoted provision " encompasses " the existing rule that " the date the cause of action accrued is the time normally used in computing interest ".

Applying these principles to the present case, we find this situation: The work was substantially completed and accepted on or about August 17, 1959, except for a roof generator which was installed in May, 1960. An alleged demand for payment was made on May 3, 1960, but that date was prior to the final completion of the work and in any event it is doubtful whether the alleged demand (a letter requesting a conference with the plaintiff's attorney) constituted a demand for payment within the meaning of the cases referred to above. But, as we have

seen, the date of the demand for payment is not controlling under the 1927 amendment to section 480 of the Civil Practice Act; the date of the completion of the work is the crucial date. The exact date in May, 1960, when the work was finally completed is not disclosed by the record. We therefore take May 31 as the date of final completion. Interest should be allowed from that date.

The judgment should therefore be modified by adding interest on the amount of the verdict from May 31, 1960, to the date of the verdict, with appropriate changes in the computation of interest on the amount of the total recovery to the date of judgment, and as so modified the judgment should be affirmed.

WILLIAMS, P. J., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ., concur.

Judgment unanimously modified on the law in accordance with the opinion and as so modified judgment, together with the order, affirmed, with costs to the plaintiff.