## SECOND DEPARTMENT, JUNE, 1971

## (June 1, 1971)

■ BRANDT CORP., Respondent-Appellant, v. WARREN AUTOMATIC CONTROLS CORP., Appellant-Respondent; SMOLKA CO., INC., Respondent-Appellant, and O. C. KECKLEY Co., Respondent.— In an action to recover damages for injury to property and loss of profits, the appeals are from portions of an amended judgment of the Supreme Court, Queens County, entered upon a jury verdict (judgment amended on October 30, 1970), as follows: (1) defendant Warren Automatic Controls Corp., appeals from so much thereof as is against it and in favor of plaintiff upon the jury award of $100,000 and as dismissed said defendant's cross complaint against defendant O. C. Keckley Co.; (2) plaintiff cross-appeals from so much thereof as dismissed its complaint against defendants Smolka Co., Inc., and O. C. Keckley Co.; and (3) defendant Smolka Co., Inc., cross-appeals from so much thereof as dismissed its cross complaint against defendant Warren Automatic Controls Corp. Amended judgment modified, on the law and the facts, by striking therefrom the first decretal paragraph and in its place substituting a provision granting a new trial, solely on the issue of damages, as between plaintiff and defendant Warren Automatic Controls Corp. and severing the action as to said parties. As so modified, amended judgment affirmed insofar as appealed from, with a single bill of costs to respondent O. C. Keckley Co. against plaintiff and defendant Warren Automatic Controls Corp. jointly, with costs to respondent-appellant Smolka Co., Inc., against plaintiff; and without costs to plaintiff and defendant Warren Automatic Controls Corp. In our opinion the jury verdict on all of the claims and cross claims on the issue of liability is supported by the evidence. We find, however, that any award for loss of profits is against the weight of the credible evidence in the record before us. There is no credible evidence from the New York Telephone Company that plaintiff lost work and profits as a subcontractor on telephone company projects because the telephone company believed plaintiff was responsible for the flood. The case was given to the jury to decide in one general verdict. A request for special verdicts was made but denied. The jury verdict on damages thus includes an amount based on a theory of damages that cannot be allowed to stand. We cannot ascertain what portion of the damages was allowed for loss of profits and what portion was for property damage. Since both theories of damages cannot be sustained on this record, the verdict in favor of plaintiff against defendant Warren Automatic Controls Corp. must be set aside. We call attention to the trial bench that it would be well advised to make use of the procedures available for special verdicts or a general verdict accompanied by written answers to interrogatories (CPLR 4111; *Zack Metal Co.* v. *Federal Ins. Co.*, 28 A D 2d 1109; *Finkle* v. *Zimmerman*, 26 A D 2d 179; *Dore* v. *Long Is. R. R. Co.*, 23 A D 2d 502). We further note that the use of the above procedures will allow a proper determination to be made on the award of interest. Interest upon a property damage award is to be allowed from the earliest date of the accrual of the cause of action (CPLR 5001; cf. *De Long Corp.* v. *Morrison-Knudsen Co.*, 14 N Y 2d 346, 349). In our opinion interest on loss of profits can only be awarded as

of the day of the verdict (CPLR 5002; *Phelps v. A. R. Gundry, Inc.*, 23 A D 2d 960). If an award contains amounts for which interest from accrual of the action is proper along with amounts for which no interest can be awarded until the verdict, and the amounts cannot be separated, then no interest will be permitted on the entire verdict prior to the day of verdict (*Helman v. Markoff*, 255 App. Div. 991, affd. 280 N. Y. 641). Hopkins, Acting P. J., Munder, Latham, Gulotta and Brennan, JJ., concur.