■ JOSEPH ARIGO, Respondent-Appellant, v ABBOTT & COBB, INC., Appellant-Respondent. — Judgment unanimously modified, on the law and facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff, a vegetable farmer, commenced this action to recover money damages for failure of a red onion crop allegedly caused by defective seed sold to him by defendant. The complaint alleged four alternate causes of action: breach of contract; breach of express warranty; negligence; and violation of article 9 of the Agriculture and Markets Law. Following a nonjury trial, plaintiff was awarded damages and costs totaling $10,141.65. Defendant appeals from the entire judgment; plaintiff cross-appeals from so much of the judgment as calculated damages and denied interest. All four causes of action are based upon the allegation that defendant agreed to provide red onion seed that had an 85% germination rate, whereas the seed actually provided had only an 11% germination rate. Defendant admitted that an express warranty accompanied all shipments to customers but claimed that such warranty limited the customer's remedy for damages to the purchase price of the seed. Further, defendant sought to disclaim implied warranties and limit liability for consequential damages pursuant to sections 2-316 and 2-719 of the Uniform Commercial Code. The determination as to whether plaintiff was a "'[m]erchant'" within the provisions of the Uniform Commercial Code (§ 2-104, subd [1]) so as to come within the purview of section 2-207 of the Uniform Commercial Code is a question of fact (see 1 Anderson, Uniform Commercial Code [2d ed], § 2-104:6, p 221). Upon our review, we find there is sufficient credible proof in the record to sustain the factual findings of the trial court that plaintiff was not a "merchant" as to onion seeds (*McCall v Town of Middlebury,* 52 AD2d 736). Likewise, the trial court's findings with respect to plaintiff's lack of knowledge as to any attempted limitation of warranties and remedies are supported by a fair preponderance of the evidence and should not be disturbed. In our view, however, the trial court's determination of damages is inconsistent with its determination of the factual issues. The court found that if the seed were not defective, plaintiff would have harvested 2,550 bags of red

onions; instead, his yield was but 305 50-pound bags from a three-acre field. Therefore, plaintiff suffered a loss of 2,245 bags of onions at $7 per bag, which amounts to $15,715. It is conceded that defendant was properly entitled to a credit of $515 for moneys owed him by plaintiff. It is also undisputed that the sum of $675 was properly deducted for the cost of bagging. The trial court, however, improperly deducted from the gross profit 24% for germination ($1,414) and an additional 25% for variable germination ($3,275). These variables are already accounted for within the previously determined average yield of 850 50-pound bags per acre, however, and should not have been deducted from plaintiff's gross damages. Furthermore, the court erred in failing to award interest. Plaintiff is entitled to it as a matter of right (CPLR 5001; Siegel, New York Practice, § 411, p 544), from the earliest ascertainable date, which we find in this case to be November 20, 1975 (CPLR 5001, subd [b]). Accordingly, judgment is amended to award plaintiff damages in the sum of $14,525 with interest thereon at the rate of 6% from November 20, 1975 to the date of judgment, June 9, 1980, plus interest and costs (CPLR 5002, 5003, 5004). (Appeals from judgment of Supreme Court, Oswego County, Miller, J. — breach of contract and warranty.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.