**RECORD CLUB OF AMERICA, INC., Plaintiff,**

v.

**UNITED ARTISTS RECORDS, INC., Defendant.**

**No. 72 Civ. 5234 (WCC).**

United States District Court, S.D. New York.

Dec. 7, 1988.

McGuire & Tiernan (Harold F. McGuire, of counsel), Nancy G. Grossman, New York City, for plaintiff.

Phillips, Nizer, Benjamin, Krim & Ballon (Janet P. Kane, David Given, of counsel), New York City, for defendant.

### OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

### BACKGROUND

On September 8, 1986, after a bench trial on the issue of liability, this Court concluded that defendant United Artists Records, Inc. ("UAR") unjustifiably repudiated its license agreement with plaintiff Record Club of America, Inc. ("Record Club"), that its repudiation was not retracted or waived, and that UAR actually breached the license agreement on a number of occasions. *Record Club of Am., Inc. v. United Artists Records, Inc.,* 643 F.Supp. 925 (S.D.N.Y. 1986). On May 5, 1988, a second non-jury trial was concluded with respect to damages. After reviewing post-trial memoranda submitted by both parties, along with

the testimony and documentary evidence adduced at trial, the Court awarded Record Club $2,490,499.35 less any set-off UAR could prove in related bankruptcy proceedings. *Record Club of America, Inc. v. United Artists Records, Inc.*, 696 F.Supp. 940, 951 (S.D.N.Y.1988). The Court must now resolve a dispute between the parties over whether Record Club is entitled to prejudgment interest on its lost profits, and whether Record Club is entitled to interest upon the total award, including predecision interest, from the date of this Court's liability decision.

## DISCUSSION

### I. Prejudgment Interest

Both parties agree that New York law governs the issue of interest in this case. The controlling rule is set forth by statute in CPLR Section 5001. Section 5001(a) states, "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract ...," and Section 5001(b) adds that, "Interest shall be computed from the earliest ascertainable date the cause of action existed...." N.Y.Civ. Prac. L. & R. § 5001 (Mckinney 1963). These sections, combined, provide for prejudgment interest as a matter of right. *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1261 (2d Cir.1987); *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 93 (2d Cir.1984); *Julien J. Studley, Inc. v. Gulf Oil Corp.*, 425 F.2d 947, 950 (2d Cir.1969); *Collier v. Granger*, 258 F.Supp. 717, 718 (S.D.N.Y.1966).

The New York statute notwithstanding, UAR argues that prejudgment interest is unwarranted in this case on two alternative grounds. First, UAR asserts that "prejudgment interest is inappropriate on a claim for lost profits." Defendant's Memorandum at 2. In support of this broad proposition, UAR cites dictum from a New York case, *Brandt Corp. v. Warren Automatic Controls Corp.*, 37 A.D.2d 563, 564, 322 N.Y.S.2d 291, 293 (2d Dep't 1971). I remain unconvinced that *Brandt* establishes an exception to Section 5001, in light of the statute's clear language and the fact that more recent decisions applying the

statute have awarded prejudgment interest on a claim for lost profits. *Adams v. Lindblad Travel, Inc.*, 730 F.2d at 93 (2d Cir. 1984); *Arigo v. Abbott & Cobb, Inc.*, 86 A.D.2d 958, 959, 448 N.Y.S.2d 311, 312 (4th Dep't 1982); *Morse v. Swank, Inc.*, 520 F.Supp. 829, 830 (S.D.N.Y.1981), *aff'd*, 688 F.2d 816 (2d Cir.1982), *cert. denied*, 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982).

UAR's second ground for denying Record Club prejudgment interest is that Record Club does not satisfy the "test for awarding prejudgment interest" established by *Rogerson Aircraft Corp. v. Fairchild Indus., Inc.*, 632 F.Supp. 1494, 1505 (C.D.Cal.1986). The *Rogerson* test, according to UAR, is "whether the plaintiff was entitled to receive a certain sum on a fixed date and whether the defendant could have determined what was due with reasonable certainty...." Defendant's Memorandum at 2 (citing *Rogerson* at 1505). Although the issue in *Rogerson* was whether to grant prejudgment interest under New York law, the *Rogerson* court articulated its "test" by utilizing principles of California law because it found a dearth of relevant New York cases.

UAR argues that Record Club does not meet the *Rogerson* test's conditions for three reasons. First, UAR maintains that Record Club's damages claim was not readily ascertainable prior to trial. Second, UAR says that Record Club's damages were not determined by reference to any objective standard or market value. Third, UAR states that Record Club should not be granted prejudgment interest because it requested a larger damage award than it received from the Court.

This Court is not bound by the California legal principles underlying the *Rogerson* test. However, even if the "test" were applied to this case, Record Club meets its requirements. After the damages trial, I concluded that "sales during the base period, reduced by 5.5% and projected throughout the term of the agreement, is a reasonably certain measure of the value of the UAR license." *Record Club of America, Inc. v. United Artists Records, Inc.*, 696 F.Supp. 940, 948 (S.D.N.Y.1988). The

Court reached its determination after being persuaded by the evidence that consumer demand for the UAR record catalogue remained stable during both the base and damage periods. Thus, the damages were calculated with reference to a standard based on reliably accurate market conditions at the time the damages were sustained.

Furthermore, interest will not be denied merely because the amount of damages was determined by the Court. *See Adams v. Lindblad Travel, Inc.*, 730 F.2d at 94; *see also Perma Research & Development Co. v. Singer Co.*, 402 F.Supp. 881, 902 (S.D.N.Y.1975), *aff'd*, 542 F.2d 111 (2d Cir. 1976), *cert. denied*, 429 U.S. 987, 97 S.Ct. 507, 50 L.Ed.2d 598 (1976) (Section 5001 applied in lost profits case where damages were ascertained at trial). Nor will interest be denied simply because of a discrepancy between the damages requested by plaintiff and those awarded by the Court. *See Perma Research & Development Co. v. Singer Co.*, 402 F.Supp. at 901–902.

■ Finally, UAR suggests that Record Club is not entitled to interest because "had Record Club not placed and left this case on the suspense docket for over seven years, all of the "lost profits" it received from UAR would have been distributed to its creditors while it was in bankruptcy." Defendant's Reply Memorandum at 3. In support of this proposition, UAR cites *In re F & S Central Mfg. Corp.*, 70 B.R. 569 (Bankr.E.D.N.Y.1987). In that case, the trustee in bankruptcy sued the defendant corporation for breaching a contract to purchase the bankrupt's assets. The bankruptcy court found for the trustee and awarded damages, but denied interest. The Court wrote:

> the interest fee of $44,346.65 is not awarded to the trustee because it assumes that the entire sum of $550,000 would have earned interest for the period from August 1 to November 18, 1983, when in fact some, if not all, of these funds would have been distributed to creditors during this time period.

*Id.* at 577. I remain unpersuaded by this argument because regardless of the manner in which the damage award would have been distributed in 1977, UAR has nevertheless possessed money to which it is not entitled since that time. UAR will not be allowed to prosper at the expense of Record Club and avoid its obligations by asserting that the money it owes Record Club would have been paid to Record Club's creditors years ago. Record Club shall receive prejudgment interest as specified in the attached judgment.

## II. Interest Upon The Total Sum Awarded

CPLR Section 5002 mandates that:

> Interest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment.

Accordingly, Record Club is entitled to recover interest upon the total damage award, including pre-decision interest, from the date of the Court's decision until the November 10 settlement date.

Because there was a bifurcated trial, the instant situation presents the question whether the interest prescribed by Section 5002 is to be calculated from the date of the liability decision or the date of the damages decision. I agree with the reasoning expressed in the concurring opinion in *Malkin v. Wright*, 64 A.D.2d 569, 570, 407 N.Y.S.2d 36 (1st Dep't 1978), where Justice Fein wrote:

> In a bifurcated trial a defendant's obligation to compensate plaintiff for the loss sustained by plaintiff becomes fixed in law upon the jury's verdict in favor of plaintiff on the issue of liability. From that point in time the existence of plaintiff's loss has been established, with only the amount of the loss to be determined upon the assessment of damages. Interest should accordingly be awarded for the period between the liability verdict and entry of final judgment....

Record Club shall receive interest upon the total damage award, including pre-decision interest, from the date the liability decision was rendered until the settlement date of November 10, 1988.

**74**

### III. Interest On Damages For Leftover Inventory

At the damages trial, the Court determined that Record Club was entitled to $20,264.39 for leftover inventory. Record Club claims that it should receive interest from the date the license agreement was breached in 1972, because it stopped advertising as a result of the breach, and was left with UAR recordings at that time. UAR counters that Record Club did not suffer any damage until the sell-off period provided for in the RCOA–UAR agreement, beginning in 1976.

█ In setting damages for Record Club's leftover inventory of UAR recordings, I wrote, "If it were not for UAR's breach, however, it seems reasonably certain that Record Club would have been able to sell most, if not all, of this inventory." *Record Club* at 949. These sales would have occurred during the period immediately following the breach, and would not have been deferred until the later sell-off period. It is reasonable to assume that these recordings would have been sold, on average, within six months of the breach. Interest should therefore run from a date six months after the breach in 1972.

### IV. Interest On Set–Offs

The parties dispute whether UAR is entitled to interest on its set-off claims, which are still pending in bankruptcy court. This issue should be resolved by the bankruptcy court as part of its ruling on the set-offs, and in any event is not ripe for resolution by this Court, because the bankruptcy court has not completed its proceedings with respect to those claims. A final judgment will be entered after the bankruptcy court has ruled on the set-offs.

### CONCLUSION

For the reasons set forth above, the attached judgment will be entered, pursuant to Rule 54(b), Fed.R.Civ.P.

SO ORDERED.