STANFORD SQUARE, L.L.C., a California limited liability company Plaintiff,

v.

NOMURA ASSET CAPITAL CORPORATION, Defendant.

No. 00 Civ. 1001(VM).

United States District Court, S.D. New York.

Nov. 26, 2002.

William J. Kelleher, Jr., Rockville Centre, NY, Steven G. Sklaver, Broomfiled, CO, for Plaintiff.

Nancy Prahofer, Dechert, Price & Rhoads, New York City, for Defendant.

## DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND [1]

Plaintiff Stanford Square, LLC ("Stanford") brought this action, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, against defendant Nomura Asset Capital Corporation (now known and appearing before the Court as Capital Company of America) ("Capital"). Stanford sued for breach of contract, breach of implied covenant of good faith and fair dealing, and for refund of transaction fees paid in connection with the unconsummated loan. Capital filed a counterclaim to recover losses incurred by Capital in connection with the hedge position undertaken by Capital in order to provide the locked interest rate to Stanford ("Hedge Losses") pursuant to the parties' loan commitment agreement, dated September 26, 1997 ("Commitment Agreement"), and revised loan agreement, dated July 29, 1998 ("Revised Agreement").

By Decision and Order, dated September 12, 2002, the Court issued a judgment in favor of Capital in the amount of $1,658,075.40, representing the amount of Hedge Losses under the Commitment Agreement, less the refund of transaction fees posted by Stanford. *See Stanford Square L.L.C. v. Nomura Asset Capital Corp.*, 229 F.Supp.2d 199 (S.D.N.Y.2002). Capital now moves to amend the judgment entered on September 20, 2002, pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e), to provide an award of prejudgment interest at the rate prescribed in the New York Civil Practice Law and Rules ("CPLR") § 5004. *See* CPLR § 5004 (McKinney 2001).

Stanford contests Capital's motion to amend the Court's judgment on two grounds. First, Stanford argues that Capital waived its right to prejudgment interest because it did not explicitly request prejudgment interest in its court pleadings or at trial.[2] (Stanford Mem. at 9.) Second, Stanford contends that even if Capital is entitled to prejudgment interest, Capital errs in its assertion that prejudgment interest should be calculated from the date of the breach, March 21, 1998. Rather, Stanford argues that under New York law prejudgment interest is payable only from the date in which capital made a demand for a specific amount of money, namely March 7, 2002. (Stanford Mem. at 4–8.)

For the reasons set forth below, Capital's motion is granted.

### II. DISCUSSION

#### A. WAIVER

■ Capital did not waive recovery of prejudgment interest. Rule 54(c) of the

1. A more complete summary of the factual findings in this case can be found in this Court's earlier decisions in this matter. *See Stanford Square, L.L.C. v. Nomura Asset Capital Corp.*, 228 F.Supp.2d 293 (S.D.N.Y.2002); *Stanford Square, L.L.C. v. Nomura Asset Capital Corp.*, 229 F.Supp.2d 199 (S.D.N.Y.2002).

2. The memoranda of law cited herein will be referred to as follows: Memorandum of Defendant The Capital Company of America in Support of its Motion to Alter or Amend Judgment to Include Prejudgment Interest, dated October 2, 2002 ("Capital Mem."); Memorandum of Plaintiff Stanford Square, LLC in Opposition to Defendant's Motion to Alter or Amend Judgment to Include Prejudgment Interest, dated October 16, 2002 ("Stanford Mem."); and Reply Memorandum of Defendant The Capital Company of America in Further Support of its Motion to Alter or Amend Judgment to Include Prejudgment Interest, dated October 22, 2002 ("Capital Reply Mem.").

FRCP states: "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief· in pleadings." In applying this rule, the Second Circuit has clearly established that the prevailing party's failure to request interest in its pleadings does not constitute waiver of the right to prejudgment interest. *Roth v. Fabrikant Bros.*, 175 F.2d 665, 669 (2d Cir.1949); *Julien J. Studley, Inc. v. Gulf Oil Corp.*, 425 F.2d 947, 949 (2d Cir.1969); *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 93–94 (2d Cir.1984); *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 692–94 (2d Cir.1983). The Second Circuit has even awarded prejudgment interest where the prevailing party never made such a request. *See Newburger, Loeb & Co., Inc. v. Gross*, 611 F.2d 423, 433–434 (2d Cir.1979). Therefore, Capital did not waive recovery of prejudgment interest in this case by failing to request prejudgment interest in its pleadings or at trial.

In addition, there is no conflicting case law in the Second Circuit, as argued by Stanford, (Stanford Mem. at 9), concerning whether a party can not waive its right to prejudgment interest—the cases consistently hold that the prevailing party can not waive its right to prejudgment interest. The cases cited by Stanford, *Sequa*

*Corp. v. Gelmin,* No. 91 Civ. 8675, 1997 WL 218470 (S.D.N.Y. April 30, 1997) and *Lee v. Seagram & Sons, Inc.*, 592 F.2d 39 (2d Cir.1979), stand for the proposition that a party's ability to amend an order to include prejudgment interest lapses once a motion to alter or amend a judgment, pursuant to FRCP 59(e), is no longer timely. Since Capital filed a timely motion to amend or alter a judgment under FRCP 59(e), there can be no question that Capital has not waived recovery of prejudgment interest.

### B. COMPUTATION DATE

The second objection to Capital's motion to amend the Court's judgment to include prejudgment interest raised by Stanford concerns the· date from which interest is to be calculated. Capital argues that the proper date under the Commitment Agreement is the date of the breach, October 21, 1998, which was two business days after the relevant hedge period was terminated.[3] (*See* Capital Mem. at 3.) Stanford argues that, because a demand for payment specifying the amount of Hedge Losses was not forwarded to Stanford until March 7, 2001, and therefore prior to that date Stanford was not aware how much money it owed Capital, interest should be calculated from March 7, 2001.

It is well settled that state law applies to an award of prejudgment inter-

**3.** The relevant terms· of the Commitment Agreement provide that: "In the event that the Rate Lock Period has expired and [Capital] shall have the right at any time to close out the Hedge Position" (as defined in the Request Form). If [Capital] chooses to close out the Hedge Position, (i) the interest rate will no longer be fixed at the Locked Interest Rate, and (ii) [Capital's] only obligation to Borrower shall be to return the refundable portion of the Early Rate Lock Deposit after setting off (A) losses incurred in the Hedge Position, if any, and (B) fees and expenses (including attorneys' fees) incurred by [Capi-

tal] in connection with the proposed Loan ((A) and (B) collectively, "[Capital's] Expenses"). If [Capital] Expenses exceed the combined Early ·Rate Lock Deposit and the Commitment Fee (after deduction of the non-refundable portion), the Borrower shall pay [Capital] the difference within two business days following termination of the Rate Lock Period. *See* Commitment Letter and Term Sheet, dated September 26, 2997 ("Commitment Agreement"), attached as Exhibit 4 to the Rana Affidavit, dated October 2, 2002 ("Rana Aff."), at 7.·

est in a diversity action in federal court. *See, e.g., Schwimmer v. Allstate Ins. Co.,* 176 F.3d 648, 650 (2d Cir.1999); *Baker v. Dorfman,* 239 F.3d 415, 425 (2d Cir.2000). Prejudgment interest is awarded under New York law as a matter of right for contract damages: "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." CPLR § 5001(a) (McKinney 1992). Since this is an action in law providing damages pursuant to the Commitment Agreement, prejudgment interest is due to Capital. *See Hilord Chem. Corp. v. Ricoh Elecs.,* 875 F.2d 32, 39 (2d Cir.1989) ("Where the action is one at law, interest under the statute is recoverable as of right.")

■ Under CPLR § 5001(b), a prevailing party is entitled to prejudgment interest "computed from the earliest ascertainable date the cause of action existed . . ." CPLR § 5001(b) (McKinney 1992). Here, the Commitment Agreement defined the duties and obligations of the parties. Pursuant to the terms and conditions of the Commitment Agreement, Stanford was required to pay Capital the difference between the Hedge Losses, costs and fees incurred by Capital and the Refund Amount "within two business days following termination of the Rate Lock Period." (Commitment Agreement, Rana Aff. Ex. 4, at 7.) On October 16, 1998, Capital informed Stanford that the Revised Agreement was terminated and that the relevant hedge period had been broken. (*See* Capital Mem. at 3.) The Commitment Agreement thereby fixed the date of the breach at October 21, 1998. Therefore, Capital is

entitled to interest on the Hedge Losses, determined by this Court to be $1,658,075.40, from the date the Hedge Losses became due because that is the earliest ascertainable date the cause of action existed.

New York law does not hold, as Stanford contends, that prejudgment interest is due from the demand date or when damages become ascertainable. The myriad of cases cited by Stanford for the proposition that the demand date is the correct date on which calculation of prejudgment interest begins, (Stanford Mem. at 4–5), concern factual situations in which the date of the demand was the earliest ascertainable date the cause of action existed. In those cases, as Capital correctly points out, a debt existed with no precise date for payment specifically fixed in the parties' contracts; therefore, a cause of action would only accrue when payment is demanded. In fact, Stanford's cite to New York Jurisprudence 2d, (Stanford Mem. at 4), specifically refers to the necessity of a demand ". . .when a debt exists with no date specified for its payment. . ." 72 N.Y. Jur.2d Interest and Usury § 39 n. 59 (citing *Moody v. Continental Casualty Co.,* 48 A.D.2d 184, 368 N.Y.S.2d 918 (4th Dep't 1975)). However, in a cause of action that is determined by a breach or termination of a contract as of a given date specified in the contract itself, as is the case here, the cause of action accrues on the date of that termination, not on the demand date. Therefore, it is the date of the breach that is relevant for computing prejudgment interest. *See Elliott v. Gian,* 19 A.D.2d 196, 241 N.Y.S.2d 364, 366 (4th Dep't 1963) ("under the amended statute, there is no need to make a demand in order to start interest running, unless a demand is essential to accrual of the cause of action").

■ Essentially, Stanford claims that because the amount of payment due Capi-

tal was not readily ascertainable on October 21, 1998, prejudgment interest should not be awarded until a specific amount was demanded by Capital. However, under New York law, there is no requirement that a monetary damages claim be readily ascertainable or liquidated in order to award prejudgment interest. *See Record Club of America, Inc. v. United Artists Records, Inc.*, 701 F.Supp. 71, 72 (S.D.N.Y. 1988) (finding no requirement under New York law that damages be readily ascertainable in order to award prejudgment interest in a cause of action based on breach of a license agreement); *Galloping Inc. v. QVC, Inc.*, 27 F.Supp.2d 466 (S.D.N.Y.1998) (rejecting requirement that damages be readily ascertainable in awarding prejudgment interest on lost profits). Under New York law, the fact that Stanford had not been informed about the exact amount of damages it owed to Capital does not defeat Capital's right to recover prejudgment interest from the specific date the contract fixed as the time the cause of action accrued.

■■■ Stanford's contention that awarding prejudgment interest is fundamentally unfair when the amount due is unknown to the liable party is misplaced. (Stanford Mem. at 5.) Awarding prejudgment interest is based upon the premise that the party to whom the money is owed has been deprived of the use of the funds and can be made whole only by the award of interest. Conversely, the party owing the money has had the use of the funds he was obligated to have paid, and should be required to pay compensation by way of interest. *See De Long Corp. v. Morrison–Knudsen Co.*, 14 N.Y.2d 346, 251 N.Y.S.2d 657, 200

N.E.2d 557, 558 (1964); *Kavares v. Motor Vehicle Accident Indemnification Corp.*, 29 A.D.2d 68, 285 N.Y.S.2d 983, 986 (1st Dep't 1967). Therefore, the ability of the party to avoid paying the interest is not controlling.[4]

■■ In virtually all breach of contract cases, unless liquidated damages are specifically provided for, the quantum of damages is disputed. The fact that damages are disputed by the parties does not defeat a party's right to prejudgment interest. The Second Circuit has applied New York law to award prejudgment interest on awards of lost profits, which are often disputed and unlikely to be readily ascertainable. *See U.S. Naval Institute v. Charter Communications Inc.*, 936 F.2d 692 (2d Cir.1991) (granting prejudgment interest on award on lost profits arising form breach of contract); *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 93 (2d Cir. 1984) (same). In addition, under New York law, courts regularly apply prejudgment interest from the date a cause of action accrued where the amount of damages was determined by the court. *See Record Club*, 701 F.Supp. at 72 (citing *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 93 (2d Cir.1984)). Similarly, prejudgment interest is regularly awarded where a discrepancy between the damages requested by plaintiff and those awarded by the court. *See, e.g., Perma Research & Development Co. v. Singer Co.*, 402 F.Supp. 881, 901–902 (S.D.N.Y.1975).

Accordingly, certainty as to the amount of money due is not a necessary factor in awarding prejudgment interest. Rather, New York law mandates that prejudgment

---

4. Stanford's argument that by failing to specify the amount of Hedge Losses, Capital somehow frustrated Stanford's compliance with the terms of the Commitment Agreement, and the cites in support, (Stanford Mem. at 7–8), go to the issue of whether Stanford should have been required to perform at all, and not to the appropriate date from which to compute prejudgment interest. This Court has already determined that the Hedge Losses were payable by Stanford, and the amount payable was determined at trial.

interest be awarded on the date of the cause of action first accrued. In this case, that date is October 21, 1998.

### III. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that Capital's 59(e) motion to amend this Court's judgment of September 12, 2002 to include prejudgment interest is granted; and it is

**ORDERED** that Stanford is to pay Capital prejudgment interest on $1,658,075.40 from October 21, 1998 to September 20, 2002 at the statutorily mandated prejudgment interest in the amount of 9% per annum; and it is finally

**ORDERED** that the Clerk of Court close this case.

**SO ORDERED.**