**FTI CONSULTING, INC., Plaintiff,**

**v.**

**A. Cal ROSSI, Jr., Basic Capital Management, Inc., and Gene Phillips, Defendants.**

**No. 03 CIV. 4033(RWS).**

United States District Court, S.D. New York.

Aug. 27, 2004.

Lankler Siffert & Wohl by Frank H. Wohl, Esq., Ethan G. Zlotchew, Esq., New York City, for Plaintiff.

Redwine Law Offices by John F. Redwine, Esq., Dallas, TX, Sheldon Eisenberger, Esq., New York City, for Defendants.

*OPINION*

SWEET, District Judge.

Plaintiff FTI Consulting, Inc. ("FTI") has moved pursuant to Fed.R.Civ.P. 59(e), 60(a) and (b) to alter or amend or for relief from the judgment entered on June 2, 2004. For the reasons set forth below, the motion is granted.

**Prior Proceedings**

FTI filed suit against A. Cal Rossi ("Rossi"), Basic Capital Management ("BCM") and Gene Phillips ("Phillips") on June 3, 2003, stating four causes of action for breach of contract, account stated, conversion and unjust enrichment. On September 3, 2003, FTI moved for partial summary judgment against BCM and Rossi on its account stated claim. Summary judgment on the account stated claim was granted on February 25, 2004. *See FTI v. Rossi*, 03 Civ. 4033, 2004 WL 359378 (S.D.N.Y. Feb. 25, 2004) ("*FTI I*"). On May 18, 2004, FTI's request to certify judgment pursuant to Federal Rule of Civil Procedure 54(b) was granted. *See FTI v. Rossi*, 03 Civ. 4033, 2004 WL 1110426 (S.D.N.Y. May 18, 2004) ("*FTI II*"). Post-judgment interest was awarded at the federal rate of post-judgment interest pursuant to 28 U.S.C. § 1961(a). *Id.* at *3.

FTI filed the instant motion on June 14, 2004, and it was taken on submission on July 7, 2004.

**Discussion**

Following the entry of the judgments for FTI on June 2, 2004, this case was

inadvertently closed and BCM and Rossi were terminated as parties, despite the fact that numerous claims remain unresolved, including against BCM and Rossi. Accordingly, the case is hereby reopened and BCM and Rossi are reinstated as parties.

In *FTI II*, the Court directed the clerk of court to enter judgment reflecting the federal rate of post-judgment interest. *Id.* In the judgment entered, however, no provision was made for pre-judgment interest at New York's statutory rate of nine percent per annum. *See* N.Y. CPLR §§ 5001, 5002, 5004; *Stanford Square, L.L.C. v. Nomura Asset Capital Corp.*, 232 F.Supp.2d 289, 292 (S.D.N.Y.2002). FTI seeks to have the judgment amended to provide for pre-judgment interest from February 13, 2002, which is "the earliest ascertainable date the cause of action existed," *id.* (quoting CPLR § 5001(b)), to June 2, 2004, the date the judgment was entered.

With respect to the entry of judgment only, Rossi and BCM do not dispute that FTI is entitled to pre-judgment interest at the New York statutory rate and that the interest period begins on February 13, 2002.[1] BCM and Rossi argue that the pre-judgment interest period ends and the post-judgment interest begins on February 25, 2004, the date the Court issued the opinion granting FTI partial summary judgment. In support, BCM and Rossi cite the recent opinion issued by the Second Circuit in *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96 (2d Cir.2004), which held that "post-judgment interest should be calculated from whenever judgment was first ascertained in a meaningful way." 371 F.3d at 104 (citing *Goodrich Corp. v. Town of Middlebury*, 311 F.3d 154, 178 (2d Cir.2002); *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 55 (2d Cir.1998)).

BCM and Rossi argue that the judgment was ascertained in a meaningful way when summary judgment was granted.

FTI, however, points out that the *Westinghouse Credit* decision also holds that "[t]he demarcation between the [pre-judgment and post-judgment time] periods occurs when a meaningful judgment is *entered*." *Id.* at 98 (emphasis added); *see also Goodrich,* 311 F.3d at 178 (post-judgment interest is "designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an enforceable judgment to the time the defendant pays the judgment") (quoting *Andrulonis v. United States,* 26 F.3d 1224, 1230 (2d Cir.1994)). Further, New York law specifies that statutory interest "shall be recovered ... from the date the verdict was rendered or the report or decision was made to the date of the entry of final judgment." CPLR § 5002. Accordingly, FTI's motion to amend the judgment is granted, and the proposed amended judgment submitted by FTI will be signed and entered.

**Conclusion**

This case is reopened, and BCM and Rossi shall be reinstated as parties. For the reasons set forth above, FTI's motion to amend the judgment is granted.

It is so ordered.

---

1. Rossi and BCM, of course, continue to oppose the Court's grant of summary judgment for FTI and the certification of the judgment pursuant to Fed.R.Civ.P. 54(b).