[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Following a trial by jury and entry of judgment in favor of the plaintiff, the defendant, Brown University, requested that the Court determine the proper measure of prejudgment interest to be added to the plaintiff's award of back pay. The parties have submitted briefs in support of their respective positions.
Plaintiff Fred Shoucair filed suit against Brown in 1996 pursuant to Rhode Island's Fair Employment Practices Act, G.L. 1956 §§ 28-5-1 et seq.
("FEPA"), alleging discrimination, a hostile work environment, and retaliation. Shoucair v. Brown University, No. 96-2896, 2004 R.I. Super LEXIS 162, *10 (R.I. Super. Ct. Sept. 9, 2004). After a fourteen day trial, a jury found that Shoucair was entitled to relief on the retaliation claim and awarded him $175,000 in compensatory damages, $100,000 in punitive damages, and $400,000 in back pay. Id. This Court subsequently reduced the back pay award to $280,000 because the plaintiff had failed to exercise reasonable diligence to mitigate his damages. Id.
at *40.
The parties do not dispute that Shoucair is entitled to prejudgment interest on his back pay award. The disputed issues are (1) whether the general statute allowing the addition of prejudgment interest, § 9-21-10, applies in this situation; (2) whether the court has authority to award interest where a judgment is based on a jury verdict and the jury has been dismissed, and if so, (3) how prejudgment interest should be calculated.
 Prejudgment Interst On An Award Of Back Pay
By statute, a party is entitled to twelve percent (12%) prejudgment interest on a verdict or judgment for "pecuniary damages" in any civil action. Section 9-21-10. Apparently believing initially that this section applied to the plaintiff's award of back pay, the defendant requested that the Court determine the proper amount of prejudgment interest on that sum, arguing that rather than adding twelve percent (12%) interest to the lump sum of $280,000, the interest should reflect the fact that Shoucair's total loss of back pay accrued over several years. The plaintiff, relying on Barbato v. Revere Life Ins. Co., 794 A.2d 470, 473
(R.I. 2003) responded that the Court could not discount the award because the determination would require factual findings as to the proper discount rates. (holding that where the defendant did not present evidence of the discounted value of the plaintiff's damages that would have enabled the jury to reduce the monthly to their 1994 value, neither the Court nor the clerk committed reversible error by failing to reduce the damages before applying the appropriate prejudgment rate). Shoucair claims the right to a jury trial on the issue, but the jury has been dismissed, so the plaintiff argues that this Court, like that inBarbato, should simply apply the twelve percent (12%) interest rate to the entire sum.
The defendant has replied that no additional evidence would be required for the Court to properly address the amount of prejudgment interest. The Court may calculate the interest, Brown asserts, because neither the §9-21-10 nor the holding in Barbato apply to the facts of this case. The Court concludes that the award of interest on back pay judgments under FEPA is governed exclusively by § 28-5-24 of that Act and principles of equity. In contrast to § 9-21-10, § 28-5-24 does not require that the clerk add prejudgment interest to a definite sum awarded by the jury; Brown contends that the Court may therefore employ a method not requiring factual findings and calculate the proper amount of interest itself.
Our Supreme Court had held that the term "pecuniary damages" as used in § 9-21-10 is synonymous with the term "compensatory damages," a form of legal relief and that application of that section is limited to compensatory damages. Murphy v. United Steelworkers Local No. 5705,507 A.2d 1342, 1346 (R.I. 1986) (holding that punitive damages were not "pecuniary"). Section 9-21-10 thus does not apply to an award made as a form of equitable relief. An action for back pay is such a claim. The relief sought is equitable — akin to restitution — not legal. See FUD's,Inc. v. State of Rhode Island, 727 A.2d 692, 695 (R.I. 1999); see alsoWest v. Gibson, 527 U.S. 212, 217 (U.S. 1999). The Supreme Court of this State has acknowledged this distinction; in FUD's, the court noted that until the 1991 amendments to FEPA, only equitable remedies were available to plaintiffs. Id. The 1991 amendments made compensatory and punitive damages available as well. Id. The FUD's court characterized these latter remedies as "traditional forms of legal relief," in contrast with the equitable remedies, including back pay, that had been available all along. Id. 695-96. The defendant's argument that an equitable award of back pay is not "compensatory damages" and that § 9-21-10 therefore does not apply in this instance is persuasive. Instead, prejudgment interest on back pay in a FEPA case is awarded solely pursuant to § 28-5-24(b).
Having determined that § 9-21-10 does not apply in this instance, the Court must next decide whether it may add interest to a jury award of back pay where the jury has been dismissed. It is well settled in Rhode Island that "once the jury has been discharged, the jurors cannot be brought together to find another verdict or to amend one already rendered." Newport Fisherman's Supply Co., Inc. v. Derecktor,569 A.2d 1051, 1051 (R.I. 1990). However, in a case tried to a jury, "where a litigant is entitled to interest as a matter of right and the jury has failed to add that interest the court at a subsequent date may do so." Demms v. Blanchard, 270 N.Y.S. 700, 701 (N.Y. 1934) (collecting cases); see also, Elliott v. Gian, 19 A.D.2d 196, 199 (N.Y.App. Div. 1963) (modifying judgment by adding interest on the amount of the jury verdict).
In the present case it is clear that the plaintiff is entitled to interest as a matter of law. The use of the word "shall" in § 28-5-24(a)(1) mandates that an award of back pay include interest. In addition, the Court has the power to add the interest at this particular time as there are no jury triable issues involved. See Engleberg v. Sebastiani,279 P. 795, 795 (Cal. 1929) (holding that where a trial court did not instruct the jury that the plaintiff was entitled to interest as a matter of law, the court could add interest as there was no issue of fact for the jury). As back pay with interest is awarded in equity, Shoucair cannot claim a right to jury trial of this issue. See Connor v.Sullivan, 826 A.2d 953 (R.I. 2003) (denying motion for trial by jury because action was in equity). Superior Court Rule of Civil Procedure Rule 39(a) authorizes the Court, upon finding that there is no right to a jury trial on a particular issue, to try such issue itself. This Court is thus empowered to determine the proper amount of interest.
As to how the Court should calculate the interest, the defendant argues that "employ[ing] an interest calculation method that takes account of the periodic nature of Shoucair's back-pay award," would best effectuate the remedial goals of FEPA. In order to avoid giving the plaintiff a windfall, Brown suggests treating the final award of $280,000 for back pay as a series of monthly paychecks for $2,616.82 over 107 months from July 1994 to May 2003. For each hypothetical month, the defendant suggests, the next "paycheck" would be added to the principal, and a month's worth of interest also added. The principal would reach $280,000 on the date of the jury's verdict, from which time interest would accrue on the entire award.
The plaintiff claims that the discounting method used in Barbato should apply. However, the Barbato court had reasoned that under those circumstances, the fact-intensive discount method was the better one because it was necessary that the clerk be able to simply add the appropriate amount of interest to the jury's award, as required by §9-21-10. However, unlike § 9-21-10, which provides that the clerk shall add the interest to the judgment, § 28-5-24(b) simply states "back pay shall include . . . interest." The method suggested by the defendant is a fair and equitable way to calculate the interest on the back pay award, and as our Supreme Court has noted, reaches the same result as the method utilized in Barbato. Barbato, 794 A.2d at 493. A similar method of calculating interest by allocating the back pay award evenly over the back pay period has been used by federal courts. See Luciano,912 F.Supp. at 677 ("`the objective of fully compensating the plaintiff is best effectuated by dividing the jury's back pay award evenly over the relevant time period for the purposes of calculating prejudgment interest'") (quoting McIntosh v. Irving Trust Co., 873 F.Supp. 872, 884
(S.D.N.Y. 1995)). The plaintiff will then recover the interest on the salary he should have received only up to the amount he could have earned had he been paid by the defendant all along.
In interpreting and applying FEPA, this Court has been instructed to look to federal Title VII cases for guidance. Newport Shipyard, Inc. v.Rhode Island Commission for Human Rights, 484 A.2d 893, 898 (R.I. 1984). Courts have substantial discretion when awarding prejudgment interest in Title VII cases. See Lex K. Larson, 5 Employment Discrimination § 92.07 at 92-73 (2d ed. 2004). This Court is guided by policy considerations and principles of equity in exercising its discretion to award interest in the instant case. The policy behind the remedial awards available under Title VII is to "make the plaintiff whole, but not to provide a windfall."Cooper, 960 F.Supp. at 974 (citing Maksymchuk v. Frank, 987 F.2d 1072,1076-77 (4th Cir. 1993)). The purpose of awarding interest is to "correct for the fact that a dollar yesterday was worth more than a dollar today."Id.
Absent a binding statute, this Court has discretion to determine an appropriate rate of interest. Guided by the statutory rate created by the Rhode Island legislature in other civil actions, as well as equitable principles and the policy of making the plaintiff whole, the Court concludes that in this instance, imposition of the statutory rate of twelve percent (12%) is fair and equitable.
Although some federal courts have awarded compound interest on back pay awards, see e.g., Cooper, 960 F.Supp. at 975, the Rhode Island Supreme Court disfavors compound interest unless specifically authorized by statute. DiLuglio v. Providence Auto Body, Inc., 755 A.2d 757, 775
(R.I., 2000); see also, Bogosian v. Woloohojian, 158 F.3d 1, 8 (1st Cir. 1998) (citing Atlantic Refining Co. v. Director of Public Works,104 R.I. 436, 244 A.2d 853 (1968)). Because there is no statutory authorization for compounded interest here, the twelve percent (12%) interest rate on the back pay award shall be simple interest.
Finally, this Court concludes that the equities in this case favor awarding interest on the "gross award" of back pay, rather than the net, after-tax amount. Since the Shoucair's employment at Brown was terminated, the defendant has "essentially received an interest-free loan on the back pay," at the plaintiff's expense. Cooper, 960 F.Supp. at 976. In addition, because the plaintiff will eventually be receiving a lump-sum judgment, he will suffer a greater tax liability than if he had received his salary in the ordinary course. See id. The Court is convinced that the equities favor awarding interest on the gross award because although there may be a small danger that Shoucair would receive a slight windfall, ensuring that a plaintiff in a discrimination case is made whole is of paramount concern. See id.
 CONCLUSION
"The Legislature is `presumed to know the state of existing law when it enacts or amends a statute.'" State v. DelBonis, No. 2003-511-C.A. 2004 R.I. LEXIS 187 (R.I. Dec. 14, 2004) (quoting Simeone v. Charron,762 A.2d 442, 446 (R.I. 2000); Providence Journal Co. v. Rodgers,711 A.2d 1131, 1134 (R.I. 1998)). Thus, the Court must assume that the legislature drafted § 28-5-24 with the language of § 9-21-10 in mind, cognizant that the Supreme Court had interpreted the term "pecuniary damages" to be restricted to "compensatory" damages. Id. In this case, prejudgment interest may only be awarded under § 28-5-24. Therefore, the holding in Barbato does not control. Shoucair is entitled to interest as a matter of law, and as it is part of an equitable remedy and there are no factual issues to be decided, he has no right to have a jury try this issue. Prejudgment interest shall be computed by allocating the back pay award as a series of monthly payments and adding interest to the increasing balance for each hypothetical month. The parties are directed to submit an appropriate order for entry.