VICTOR MARRERO, United States District Judge
Plaintiff Foresco Co., Ltd. ("Foresco"), a manufacturer and supplier of medium density fiberboard, brought this diversity action against defendant Albert Oh ("Oh"), President and Chief Executive Officer of Flash Ventures, Inc., a data storage technology and distribution business, alleging that Oh failed to make the required payments to Foresco pursuant to an alleged guaranty document signed by the parties (the "Guaranty"). (Dkt. No. 13.)
After trial in May 2018, the Court issued a judgment reflecting a jury verdict for Foresco against Oh. (See the "Judgment," Dkt. No. 86.) Twenty-one days later, Foresco moved pursuant to Federal Rule of Civil Procedure 59(e) (" Rule 59(e)") to amend the jury award to add prejudgment interest totaling $355,401.87. (See"Interest Motion," Dkt. No. 96.) By letter dated July 6, 2018, Oh opposed Foresco's request for prejudgment interest. ("Opposition," Dkt. No. 106.) For the reasons discussed below, the court GRANTS Foresco's Interest Motion.
I. DISCUSSION
Under Rule 59(e), Foresco requests that the Court (1) amend the Judgment to provide for an award of prejudgment interest under Section 5001 of the New York Civil Practice Law and Rules ("CPLR") at the 9% per annum rate prescribed by *306 Section 5004 of the CPLR ; and (2) award Foresco postjudgment interest on the Judgment at the rate of 2.2275% in accordance with 28 U.S.C. Section 1961 until the jury award is fully satisfied by Oh. (See Interest Motion at 1.)
Oh opposes Foresco's request and takes no position in regard to the postjudgment interest request. (Opposition at 1.) Specifically, Oh argues that determining the accrual date of the Guaranty and awarding prejudgment interest are jury issues, so Foresco's only recourse was to move for a new trial under Federal Rule of Civil Procedure 59(a)(1), and since its time to do so has expired, Foresco has waived the issue. (Id. )
As a threshold matter, a Rule 59(e) motion to alter or amend a judgment is the proper basis for bringing a request for prejudgment interest. See Osterneck v. Ernst & Whinney, 489 U.S. 169, 175-76, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989) ("[A] postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)."). A district court has discretion to add prejudgment interest to a jury award as it is not a decision left solely for the jury. See J.A. McDonald, Inc. v. Waste Sys. Int'l Moretown Landfill, Inc., 247 F.Supp.2d 542, 547 (D. Vt. 2002) ("[A] court sitting in diversity may, pursuant to state law, add prejudgment interest to a jury award without violating the Seventh Amendment right to jury trial."); see also Reyes-Mata v. IBP, Inc., 299 F.3d 504, 508 (5th Cir. 2002) (finding that jury trial rights were not violated by the district court's decision to add prejudgment interest to a jury award); see also Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 314 F.Supp.2d 201, 203 (S.D.N.Y. 2003), vacated on other grounds, 391 F.3d 77 (2d Cir. 2004) ("[I]t is within the sound discretion of the trial court whether or not to award prejudgment interest at all ...."). More specifically, "where there is an entitlement to prejudgment interest as a matter of law, its award may properly be determined by the court even after a jury verdict on damages." See Thomas v. City of Mount Vernon, No. 89 Civ. 0552, 1992 WL 84560, at *2 (S.D.N.Y. Apr. 10, 1992).
Although the Court of Appeals for the Second Circuit has provided a list of factors for district courts to consider when determining whether discretionary prejudgment interest should be granted under federal law, see, e.g., Jones v. UNUM Life Ins. Co., 223 F.3d 130, 139 (2d Cir. 2000), it is well settled that state law applies to the question of whether to award prejudgment interest in a diversity action in federal court. See, e.g., Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999) ; see also Rhodes v. Davis, 628 F. App'x 787, 792 (2d Cir. 2015). Under New York law, prejudgment interest is awarded as a matter of right for contract damages:
Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.
CPLR § 5001(a) (McKinney 1992); see Rhodes, 628 F. App'x at 792 ; see also Paddington Partners v. Bouchard, 34 F.3d 1132, 1139 (2d Cir. 1994) ("Pursuant to New York Law, a party is entitled to prejudgment interest on damages for breach of contract ...." (internal quotation marks omitted) ).
Because the jury found that Oh breached the Guaranty and New York law requires prejudgment interest to be awarded *307 in breach of contract cases, the Court finds it appropriate to award Foresco prejudgment interest. See also Stanford Square, L.L.C. v. Nomura Asset Capital Corp., 232 F.Supp.2d 289, 291-92 (S.D.N.Y. 2002) (amending a judgment under Rule 59(e) to add prejudgment interest).
Oh's arguments to the contrary are not persuasive. Oh wrongly asserts that In re Frigitemp Corp., 781 F.2d 324, 327 (2d Cir. 1986), permits adding prejudgment interest only in two specific circumstances under Federal Rule of Civil Procedure 60(a) (" Rule 60(a)"). First, "only where the judgment has failed accurately to reflect the actual decision of the decision-maker to award such interest," or second, "where the judgment has failed to include an amount of interest that the governing law requires to be automatically included in the judgment." Frigitemp, 781 F.2d at 327. Oh argues, without pointing to any cases, that because there was no jury determination of an accrual date, there is no applicable "governing law" for calculating interest.
But Rule 60(a) pertains to amendments and corrections based only on "clerical mistakes." Fed. R. Civ. P. 60(a). The Second Circuit Court of Appeals analyzed Rule 60(a) only because the motion would not have been timely filed under Rule 59(e). See Frigitemp, 781 F.2d at 326. Otherwise, "if a motion to alter the judgment is served within ten days[1] after entry of the judgment, it may be made on any ground." Id. at 327 (citing Rule 59(e) ). As described earlier, multiple cases have recognized Rule 59(e) amendments to award prejudgment interest under New York law.
Moreover, Oh's contention that the jury never determined the accrual date is mooted by the fact that Foresco sought prejudgment interest starting only from the date it commenced its action, (see Dkt. No. 97 at 1-2), clearly well after any possible accrual date.
The Court entered the Judgment on June 5, 2018. Foresco filed the Interest Motion on June 26, 2018. (See Interest Motion.) Thus, Foresco filed the Interest Motion within the now-operative twenty-eight day period from the entry of the Judgment, and the Interest Motion is therefore timely under Rule 59(e).
II. ORDER
For the reasons discussed above, it is hereby
ORDERED that the motion to amend the judgment (Dkt. No. 96) filed by Foresco Co., Ltd. is GRANTED .
The judgment dated June 5, 2018 (Dkt. No. 86) is amended to include prejudgment interest in the amount of $355,401.87, reflecting 9% interest per annum on a simple basis since April 13, 2015 until June 5, 2018, and postjudgment interest at the rate of 2.2275% in accordance with 28 U.S.C. Section 1961 until defendant Albert Oh fully satisfies the judgment.
SO ORDERED.

Following the 2009 Amendment to the Federal Rules of Civil Procedure, a Rule 59(e)"motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of the judgment." Fed. R. Civ. P. 59(e) (2009) (increasing the number of days to file a Rule 59(e) motion from ten days after judgment to twenty-eight days).