*822 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The limitation of liability clause of the contract (par 22) became operative only if the seller was unable to convey in accordance with the terms of the contract. One of the terms of the contract, however, was that the purchaser could declare the contract null and void if by May 15,1979 the seller was unable to make the second floor loft available, vacant and free of tenancies or occupancy (rider, par 1) and the purchaser was also given “the right to extend the date set forth in paragraph 1 to this rider at its sole option and discretion without declaring this contract null and void” (rider, par 12). Thus, the second floor tenant’s continued occupancy would not make the seller unable to convey in accordance with the contract if the purchaser exercised its option to extend the paragraph 1 date for second floor vacancy, and in that event paragraph 22 of the contract would afford the seller no protection. Such is the plain meaning of the three contract provisions when read together as they must be. That the original closing date fixed by the contract was May 31, 1979 and that rider paragraph 12 spoke of extension of the date in paragraph 1 rather than of the closing date does not militate against that interpretation, for extension of the paragraph 1 vacancy date would be meaningless if the closing date were not by reason of the exercise of the option also extended. Moreover, nothing in the contract made time of the essence.
The suggestion that paragraph 12 of the rider was intended to afford the purchaser the option to extend the vacancy date only once is, in the face of the parol evidence rule and the merger clause contained in the contract, not sustainable, the contract not being ambiguous in this respect but, in any event, the conclusory statements in the affidavit of the attorney who negotiated the contract for the seller are insufficient to raise a triable issue of fact in this respect (Freedman v Chemical Constr. Corp., 43 NY2d 260; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285).
*823 Neither the fact that the purchaser indicated in its attorney’s August 7,1979 letter an intent to sue for specific performance with an abatement if the second floor was not vacated by September 6, 1979, nor that it thereafter sued for specific performance as well as for specific performance with an abatement, constituted a refusal on its part to close title nor did either make time of the essence of the contract. There is no inconsistency between an action for specific performance and-an action for breach of contract, both being in affirmance of the contract (Miles v Dover Furnace Iron Co., 125 NY 294; Balleisen v Schiff, 121 App Div 285). Clearly, therefore, in seeking both specific performance and specific performance with an abatement the purchaser was insisting upon what it contracted for.
Finally, the second floor tenant having vacated after the institution of the specific performance action, and the purchaser having amended its complaint to seek only specific performance, the purchaser is entitled to that relief under S.E.S. Importers v Pappalardo (53 NY2d 455). Shepard v Spring Hollow at Sagaponack (87 AD2d 126, mot for lv to app den 58 NY2d 610), relied on by defendant, is not inconsistent with the result here reached, for the Shepard contract contained no open-ended closing provision such as was involved in S. E. S. Importers and is involved in this case. The correspondence between the attorneys makes clear that the purchaser consistently sought completion of the contract with or without abatement and the seller presents nothing more than speculation to suggest that the delay in closing was either unreasonable or the result of bad faith.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order affirmed, with costs, in a memorandum.