LARRY RATHE et al., Respondents, v ADIRONDACK CONCEPTS, INC., et al., Appellants.

Third Department, October 15, 1987

**APPEARANCES OF COUNSEL**

*David W. Johnson* for appellants.

*Fischer, Hughes & Bessette (James P. Bessette* of counsel), for respondents.

**OPINION OF THE COURT**

KANE, J. P.

Plaintiffs, husband and wife, are the contract purchasers of a 300-acre dairy farm in the Town of Fort Covington, Franklin County, under a land contract dated February 4, 1984 with Gaetan A. Yelle and Solange M. Yelle,* as sellers. The contract required a substantial initial investment, which resulted in the exhaustion of all assets owned or controlled by plaintiffs. Since there were no funds available for working capital, and plaintiffs were unable to obtain any additional financing, they were faced with an insurmountable cash flow problem when the Yelles insisted on full performance of the terms of the contract, including a monthly payment of $1,578.96 to them. Accordingly, plaintiffs had no alternative but to dispose of their interest in the farm at the earliest opportunity. A realtor representing defendant Adirondack Concepts, Inc. became aware of their predicament and submitted a proposition to plaintiffs which would solve their immediate problems, but at a substantial loss to them. Ultimately, plaintiffs agreed to the proposition submitted, after obtaining the unconditional personal guarantee of defendant Daniel Dattola, the principal shareholder of Adirondack. The written contract, executed by the parties on June 1, 1984 and the subject of this lawsuit, was a combination lease and purchase agreement, the terms of which required Adirondack to lease the entire farm for the monthly rental of $1,578.96 and to purchase the complete farm on or before May 1, 1985 for the sum of $260,000, less any rent paid, time being of the essence.

Adirondack took possession of the farm and prepared to perform under the terms of the contract until on or about July 27, 1984. On that date, Adirondack, along with plaintiffs, received notice that Ronald N. Booth and Debra L. Booth,

---

* Solange M. Yelle is now deceased.

residents of Vermont and prior contract vendees of the same premises from the Yelles who had defaulted under their contract with the Yelles and abandoned the premises on or about December 17, 1983, had filed a petition in bankruptcy and in that proceeding had instituted an action against plaintiffs in the United States Bankruptcy Court, District of Vermont, to recover title and possession of the farm. Plaintiffs immediately opposed the petition on the grounds that the Booths failed to include any interest in the farm as an asset of their estate in bankruptcy, and, more specifically, they had expressly abandoned any interest in the farm in December 1983, as set forth in a letter written on behalf of the Booths by their attorney to the Yelles, where it was stated, in part, that:

"Please be advised that pursuant to the terms of your security agreement with the Booths, they are terminating the agreement effective, 7:00 A.M. December 17, 1983.

"The cattle, machinery and real estate are hereby returned to you effective December 17, 1983. You may take whatever action you deem necessary to secure your property as the Booths will no longer be responsible after today."

However, as a result of the Booths' claim of title, Adirondack was unable to obtain the requisite financing for its proposed operation of the farm, and, consequently, it stopped all payments of rents and taxes on the farm in August 1984, contending that a cloud on the title excused its performance. It should also be noted that in June 1984, the Booths commenced a separate contempt proceeding against Gaetan Yelle in Bankruptcy Court, alleging that he violated the automatic stay provisions contained in the Bankruptcy Act (11 USC § 362) by selling the farm to plaintiffs. This action was dismissed by the Bankruptcy Court on September 14, 1984 in a decision that found no equitable interest in the farm by the Booths on the date they filed their petition in bankruptcy due to their abandonment of the property; upon appeal, this decision was affirmed by the United States District Court for the District of Vermont on March 21, 1985. In the meantime, and in January 1984, the within action for damages for breach of contract was commenced and reached for trial in September 1985, resulting in a decision by Supreme Court in favor of plaintiffs against both defendants for money damages and, in addition, specific performance of the contract.

On this ensuing appeal, defendants contend (1) that the

failure to pay a mortgage tax on the land contract between plaintiffs and Adirondack, pursuant to Tax Law article 11, made the contract unenforceable; (2) Adirondack's repudiation of the land contract was justified because of the unmarketability of the title; and (3) the award of damages and interest was improper.

First, on the issue of the failure to pay the mortgage tax, it seems clear that the land contract herein is an instrument constituting a "mortgage" within the meaning of Tax Law § 250, since it is provided that "[e]xecutory contracts for the sale of real property under which the vendee *has or is entitled to possession* shall be deemed to be mortgages for the purposes of this article" (Tax Law § 250 [emphasis supplied]), and by its terms, the contract in question is an integrated executory contract of sale rather than a valid present lease and an executory contract for the sale of the premises in futuro *(see, Matter of Rogers v Graves,* 279 NY 375). As such, the contract could have been recorded as a mortgage upon payment of the requisite recording tax if Adirondack, as the vendee, had sought the protection of the recording act.

However, the contract was not recorded. Notably, it was admitted as an existing agreement by defendants in their pleadings, introduced into evidence at the trial without objection by defendants, and the failure to record was never raised as a defense or issue until after the close of the evidence and both sides rested. Moreover, plaintiffs offered to record the contract and pay the recording tax nunc pro tunc should Supreme Court have found payment necessary, a procedure acquiesced in by defendants.

Specifically, defendants' argument to Supreme Court was in the form of a motion to dismiss for failure of plaintiffs to comply with the provisions of Tax Law § 258, which, in part, provides that: "No mortgage of real property which is subject to the taxes imposed by this article shall be * * * received in evidence in any action or proceeding * * * unless the taxes imposed thereon by this article shall have been paid * * * No judgment or final order in any action or proceeding shall be made for * * * the enforcement of any mortgage which is subject to any tax imposed by this article * * * unless the taxes imposed * * * shall have been paid". Thus, defendants argue that the contract cannot be enforced and should not have been received into evidence at trial.

In construing Tax Law § 258, this court stated in *Matter of*

*Downtown Athletic Club v State Tax Commn.* (280 App Div 363) that the tax imposed referred to in the statute is a "recording tax" and not a tax on the mortgage, for otherwise the tax would be unconstitutional as a direct tax on intangible personal property, i.e., the mortgage instrument itself *(supra, at 365; see, NY Const, art XVI, § 3; Franklin Socy. for Home Bldg. & Sav. v Bennett,* 282 NY 79, *appeal dismissed* 309 US 640). Thus, in referring to Tax Law § 258, requiring payment of the tax, we said, "But this, of course, refers not to the mere existence of a mortgage, but to a mortgage which has been recorded, because it is only as to the recording that the taxes 'imposed by this article' would be valid constitutionally, and hence it is such a mortgage so recorded that is meant to be described as 'subject to the taxes' imposed" *(Matter of Downtown Athletic Club v State Tax Commn., supra,* at 366-367). Furthermore, as noted by Supreme Court, upon repudiation and breach of the contract by defendants, there was no "executory" contract of sale in existence and, thus, the instrument, as an exhibit in evidence, is without the proscription set forth in the statute *(see, supra,* at 367). Accordingly, defendants' contention on this issue must be rejected.

■ Furthermore, Adirondack's anticipatory breach of contract was without legal justification. In order for plaintiffs to be entitled to specific performance, they were required to show that they tendered performance on Law Day, or, tender being excused because of anticipatory breach by defendants *(see, Cooper v Bosse,* 85 AD2d 616, 618), they were nevertheless ready, willing and able to perform their obligations under the contract on Law Day by conveying the title to and quantity of land for which they contracted *(see, Jewell v Rowe,* 119 AD2d 634, 635; 62 NY Jur, Vendor and Purchaser, § 177, at 465-466 [1968]). An examination of the situation on Law Day, May 1, 1985, requires us to conclude that plaintiffs are entitled to the relief they seek. The Booths' action against plaintiffs was dismissed by stipulation on January 4, 1985, and the dismissal of the contempt proceeding against Gaetan Yelle was affirmed March 21, 1985. The contempt proceeding, in any event, would not affect plaintiffs' title since the prior judgment in Bankruptcy Court, as affirmed on appeal to the Federal District Court, is res judicata as to the marketability of title until reversed upon appeal *(cf., Duverney v State of New York,* 96 Misc 2d 898, 910, *affd* 76 AD2d 962, *lv dismissed* 51 NY2d 703, 744; *United Artists Corp. v No. 731 Seventh Ave. Rest.,* 75 Misc 2d 717, 718). Moreover, even if the Booths had a further

appeal pending from the District Court on Law Day, the right to appeal is not sufficient to relieve a purchaser of the obligation to accept title *(see, Kussold v Behrman,* 114 Misc 682, 687-688, *affd* 201 App Div 863).

Finally, we find the award and amount of damages fully supported by the record, and the determination of the rate and date of payment of interest within the proper exercise of the discretion of Supreme Court *(see,* CPLR 5001).

MIKOLL, LEVINE and HARVEY, JJ., concur; MAIN, J., not taking part.

Judgment affirmed, with costs.