10-5308-cv
Peterson v. Syracuse Police Dep't

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand twelve.

PRESENT:
>GUIDO CALABRESI,
>ROBERT D. SACK,
>PETER W. HALL,
>>*Circuit Judges*.

———————————————————————————————

Carlos Peterson,

>*Plaintiff - Appellee*,

>>v.                                     10-5308-cv

Syracuse Police Department,

>*Defendant,*

Charles Lester, Officer, David Glisson, Officer, David Demand, Officer, Daniel Walsh, Daniel Deegan, Sergeant, Henry Hilton,

>*Defendants - Appellants*.

———————————————————————————————

FOR APPELLANT:          Carlos Peterson, *pro se*, Dannemora, N.Y.

FOR APPELLEES:          Jessica McKee, Assistant Corporation Counsel, *of counsel*, *for* Juanita Perez Williams, Corporation Counsel of the City of Syracuse, Syracuse, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the default judgment of the district court is VACATED and the appeal is REMANDED for further proceedings.

Appellants appeal from the district court's entry of default judgment against them, and from the district court's entry of default, denial of their motion to vacate the entry of default, and denial of their motion for reconsideration.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's ruling on a motion for entry of default or for entry of default judgment for abuse of discretion.  *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (stating that we have "expressed a strong preference for resolving disputes on the merits" and that a default judgment is "the most severe sanction which the court may apply" (internal citations and quotation marks omitted)).  The district court judge is "the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties," thus a reviewing court will defer to his decision unless it is clearly wrong.  *Davis v. Musler*, 713 F.2d 907, 912 (2d Cir. 1983).

2

## I.    Entry of Default

Appellants argue that the district court's entry of default was procedurally flawed because Peterson did not request an entry of default from the district court.  The plain language of Rule 55(a) however does not mandate that a default be entered only upon plaintiff's request but rather implies that however a district court ultimately becomes aware of a party's default, the clerk must enter default.  *See* Fed. R. Civ. P. 55(a).  Although Rule 55(a) contemplates that entry of a default is a "ministerial" step to be performed by the clerk of court, a district court judge also possesses the inherent power to enter a default.  *Beller & Keller v. Tyler*, 120 F.3d 21, 22 n.1 (2d Cir. 1997); *see also Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995) (describing "the entry of default" as "largely a formal matter").  The district court did not err in entering default against the defendants.

## II.    Motion to Vacate Entry of Default

Rule 55(c) permits a party to be relieved of default "for good cause," whereas a default judgment may only be set aside in accordance with Rule 60(b).  Fed. R. Civ. P. 55(c).  While Rule 55(c) does not define "good cause," this Court has advised district courts to consider three criteria in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense.  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  The same factors are applied in the context of a Rule 60(b) motion to set aside a default judgment, although they are applied more rigorously, and the district court must resolve any doubts in the defaulting party's favor.  *Id.*

Here because the defendants moved for relief pursuant to Rule 55(c) prior to the entry of default judgment, their motion warranted consideration under the "good cause" standard.  While

3

the district court's decision did not explicitly state whether it applied the "good cause" standard under Rule 55(c) or the stricter standard of Rule 60(b) to evaluate the defendants' motion, the district court ultimately concluded that relief was not warranted under either Rule.

In the present case, we need not address the first criteria, whether the default was willful, because on balance the district court properly concluded that the other two criterion were met. There was nothing improper in the district court's conclusion that Peterson would suffer prejudice due to the defendants' actions. The fact that Peterson did not file a single discovery request during the entire discovery period may have mitigated any prejudice suffered by Peterson, but this fact does not render the district court's finding of prejudice an abuse of discretion. Rather, as the district court noted, prejudice may be found where a plaintiff would suffer increased difficulty in conducting discovery, as Peterson would here due to his lack of knowledge of the defendants' affirmative defenses with only a week remaining in the discovery period. *See Davis*, 713 F.2d at 916 (noting that substantial prejudice could be shown by "increased difficulties of discovery").

Nor did the district court improperly conclude that the defendants had not established a meritorious defense. While the district court may have overlooked a fact presented in the defendants' memorandum of law stating that it was Peterson who became belligerent and began fighting with the officers, this error was harmless because unsworn statements in a memorandum of law are not evidence. *See Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009). Moreover, even that memorandum did not traverse the claim that the defendants used *excessive* force. The defendants' motion to vacate the entry of default was almost completely devoid of reference to any underlying facts regarding their defenses and contained no facts, which, if proven at trial,

4

would constitute a complete defense to Peterson's excessive force claim. The district court did not err in concluding that Appellants had not established a meritorious defense.

## III. Entry of Default Judgment

Once a plaintiff has obtained an entry of default pursuant to Rule 55(a), to obtain a default judgment the plaintiff must follow the provisions of Rule 55(b). *Green*, 420 F.3d at 104. An entry of default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides [the plaintiff] is entitled." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). A default judgment may not be entered until the amount of damages has been ascertained. *Enron,* 10 F.3d at 95, 97. Here, the district court's December 2, 2010 default judgment against the defendants was improper because the district court entered that judgment before the amount of damages had been ascertained. Accordingly, the district court's entry of default judgment must be vacated, and the case remanded so the district court may conduct further proceedings to ascertain the amount of damages to which Peterson is entitled.

## IV. Motion to Alter or Amend the Judgment

We review the denial of a Rule 59(e) motion for abuse of discretion.[1] *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 150 (2d Cir. 2008). A court may grant a motion to alter or amend a

---

[1] On appeal, Appellants argue that, because the district court's entry of default judgment was improper as it was entered prior to a calculation of damages, their evidence submitted in support of their motion pursuant to Fed. R. Civ. P. 59(e) should be considered a second Rule 55(c) motion to vacate the entry of default. However, Appellants provide no support for that proposition. To the contrary, "[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment," as the district court did here. *See United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982). Accordingly, the defendants' motion should not be viewed a second motion to vacate the entry of default.

judgment where (1) there is an intervening change in the controlling law; (2) new evidence previously not available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). With respect to the Rule 59(e) motion that Appellants filed after the district court granted the motion for default judgment, Appellants argue the district court should have granted their Rule 59(e) motion based on "evidence previously not available" and to prevent manifest injustice. The district court did not abuse its discretion in denying the Rule 59(e) motion advanced on that basis. While Peterson's deposition transcript attached to the defendants' motion may not have been available when the defendants filed their motion to vacate the entry of default, the transcript does not reveal any facts that, if proven at trial, would constitute a complete defense. The remaining "evidence," including the officers' narratives stating the details surrounding Peterson's arrest, was all available prior to the initiation of Peterson's complaint. Finally, the district court properly concluded that manifest injustice would not result from the denial of the defendants' motion for the reasons stated in the district court's decision and order.

Accordingly, we VACATE the default judgment of the district court and REMAND the case for further proceedings. If either parties appeal the judgment of the district court, the appeal will be assigned to this panel. We AFFIRM the district court's entry of default against the defendants and the denial of the defendants' motions to vacate the entry of default and for reconsideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6