12-4347-cv
Rhodes v. Davis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fifteen.

PRESENT: AMALYA L. KEARSE,
REENA RAGGI,
RICHARD C. WESLEY,
*Circuit Judges*.

-----------------------------------------------------------------------

NEIL RHODES, individually and as a shareholder of ALARM SPECIALISTS, INC., suing on behalf of himself and all shareholders of ALARM SPECIALIST, INC. similarly situated and in the right of ALARM SPECIALIST, INC.,

*Plaintiff-Counter-Defendant-Appellee*,

v.                                                    No. 12-4347-cv

GARY DAVIS, ALARM SPECIALISTS, INC.,
*Defendants-Counter-Claimants-Appellants.*[*]

-----------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

APPEARING FOR APPELLANTS: WILLIAM HUGHES MULLIGAN, JR., Bleakley Platt & Schmidt, LLP, White Plains, New York.

APPEARING FOR APPELLEE: PAUL T. VINK, (Andrew Greene, *on the brief*), Andrew Greene & Associates, P.C., White Plains, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered in part on November 21, 2012, is AFFIRMED IN PART, VACATED IN PART, and REMANDED, and the judgment entered in part on April 15, 2015, is AFFIRMED.

Defendants Gary Davis and Alarm Specialists, Inc. ("ASI") appeal from summary judgment against them awarding prejudgment interest and attorneys' fees to plaintiff Neil Rhodes in this action for, inter alia, breach of a Stipulation of Discontinuance ("Stipulation") that resolved prior litigation between the parties by having Davis buy out Rhodes's 50% interest in ASI and an associated real estate entity (collectively, "the Company") for $2.5 million. We review a summary judgment award de novo and will affirm if the record, viewed in the light most favorable to the non-moving party, reveals no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Johnson v. Killian, 680 F.3d 234, 236 (2d Cir. 2012). We review for abuse of discretion awards of prejudgment interest, see New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 602–03 (2d Cir. 2003), and

2

attorneys' fees, see CARCO GROUP, Inc. v. Maconachy, 718 F.3d 72, 79 (2d Cir. 2013), except where the award turns on contract interpretation, in which case we review de novo, see id.

1.    Davis's Anticipatory Breach of the Stipulation

Davis argues that genuine issues of material fact as to what documents were necessary to close the assets transfer called for in the Stipulation prevented the district court from finding as a matter of law that he committed anticipatory breach of the Stipulation.    He maintains that, after he made the required $250,000 down payment on the stipulated purchase price, Rhodes's execution of closing documents became a condition precedent to Davis's further payment obligations.    We disagree.

Rhodes's execution obligations were not a condition precedent to payment because the Stipulation did not contemplate future negotiation and execution of agreements whose terms had yet to be determined.    See IDT Corp. v. Tyco Grp., 13 N.Y.3d 209, 212–14, 890 N.Y.S.2d 401, 403–05 (2009).    Instead, the Stipulation had clearly defined obligations and provided only for the execution of transfer documents at a future date, leaving no terms open for negotiation.    See Stip. ¶ 1.    Consequently, Davis's insistence on additional terms beyond those stated in the Stipulation or reasonably necessary to effect closing constituted an anticipatory breach.    See REA Express, Inc. v. Interway Corp., 538 F.2d 953, 955 (2d Cir. 1976) (recognizing as well established under New York law that "insistence upon terms which are not contained in a contract constitutes an anticipatory repudiation thereof").    While the question of anticipatory breach is generally an issue of fact for the

3

jury, where, as here, the relevant communications are in writing and unambiguous, the issue may be decided as a matter of law. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111–12 (2d Cir. 2010).

The 12-page stock purchase agreement that Davis sent Rhodes the day before the closing deadline contained several terms at odds with the Stipulation, including, for example, substitution of new entity ASI Services, Inc., for Davis himself as purchaser of Rhodes's shares, as well as that entity's assumption of post-closing obligations (including liabilities) that the Stipulation specifically assigned to Davis individually. Compare Stip. ¶¶ 1, 6–10, with J.A. 118, 121–22. The agreement also required Rhodes to make representations and grant warranties not agreed to in the Stipulation, see J.A. 119–20, and to assume indemnification obligations for breach of representations in the purchase agreement, see id. at 121. Further, while the purchase agreement represented that it constituted the entire agreement between the parties, see id. at 126, it notably omitted a Stipulation provision requiring defendants to indemnify Rhodes for any post-January 1, 2008 liability, compare Stip. ¶ 9, with J.A. 121–23. Meanwhile, a membership agreement that Davis sent Rhodes on the closing date further expanded Rhodes's indemnification, non-disparagement, and warranty obligations beyond those agreed to in the Stipulation. See J.A. 133–36.

Rhodes's attorney objected to the purchase and membership agreements as a new deal, neither required nor contemplated by the Stipulation. Id. at 249, 253. Nevertheless, he stated Rhodes's willingness and ability to complete the transaction by providing "a

4

customary stock power and assignment of membership interests to transfer the ownership interest of [his] client today, as well as his resignation as an officer and director." Id. at 249. Davis's counsel, however, maintained that the agreements' terms fell within the Stipulation, and demanded further that Rhodes deliver additional funds at closing to cover a Company obligation for unrelated litigation, a requirement not specified in the Stipulation. See id. at 147, 264–65.

On this record, we conclude as a matter of law that Rhodes satisfactorily demonstrated a breach by Davis, and Rhodes's willingness and ability to perform his obligations when due under the Stipulation. See Towers Charter & Marine Corp. v. Cadillac Ins. Co., 894 F.2d 516, 523 (2d Cir. 1990). Before the closing deadline passed, Davis unequivocally and positively repudiated the Stipulation by insisting on terms that were not agreed to in the Stipulation, and not necessary to effect the closing called for therein.

Accordingly, we affirm the district court's award of summary judgment holding Davis liable for anticipatory breach.

2.      Attorneys' Fees

Defendants argue that, even if they committed anticipatory breach, the district court erred in awarding attorneys' fees. They underscore that ¶ 2 of the Stipulation provided for Davis to pay Rhodes $2,250,000 no later than closing and allowed Rhodes to recover legal fees "to enforce this paragraph." Stip. ¶ 2. Defendants maintain that Rhodes did not seek to enforce the paragraph because he sued for damages rather than specific performance.

The argument fails because an action for breach of contract is properly understood to seek enforcement of contract obligations.   See Judnick Realty Corp. v. 32 W. 32nd St. Corp., 61 N.Y.2d 819, 823, 473 N.Y.S.2d 954, 956 (1984) (recognizing action for specific performance and action for breach of contract are "both being in affirmance of the contract"); accord Warberg Opportunistic Trading Fund, L.P. v. GeoResources, Inc., 112 A.D.3d 78, 86, 973 N.Y.S.2d 187, 194 (1st Dep't 2013) (stating that "specific performance is an equitable remedy for a breach of contract, rather than a separate cause of action" (internal quotation marks omitted)); Hadcock Motors, Inc. v. Metzger, 92 A.D.2d 1, 4, 459 N.Y.S.2d 634, 636 (4th Dep't 1983) ("Specific performance is a discretionary remedy which is an alternative to the award of damages as a means of enforcing a contract."); see also 96 N.Y. Jur. 2d, Specific Performance, § 1 (same).   Indeed, in this case, although Rhodes initially sought damages, the relief he in fact secured was specific performance of the payment provision of ¶ 2 in return for the transfer of his interests in the Company. Thus, the district court correctly awarded attorneys' fees pursuant to the parties' Stipulation.

Insofar as defendants challenge the district court's calculation process, we identify no abuse of discretion.   Defendants did not complain in the district court of their inability to conduct cross-examination of attorney time entries, thereby forfeiting that argument on appeal.   See, e.g., Zalaski v. City of Hartford, 723 F.3d 382, 395 (2d Cir. 2013). Defendants cannot show plain error because Fed. R. Civ. P. 54(d)(2)(C) does not require a hearing on attorneys' fees.   Nor do we identify abuse in the district court's withdrawal of

6

its referral of attorneys' fees to the magistrate judge after the parties filed their submissions. In the case of a § 636(c) referral, which, upon consent of the parties, allows a magistrate judge to enter judgment, sua sponte withdrawal is permitted "for good cause shown." 28 U.S.C. § 636(c)(4). But where, as here, a referral is pursuant to § 636(b)(1)(B), the magistrate judge makes no final decision but, rather, files a report and recommendation with the district court, which makes a final ruling. Nothing in § 636(b)(1) limits a district court's authority sua sponte to withdraw a § 636(b)(1) referral.

Insofar as defendants argue that fees should have been limited to time spent seeking specific performance, we have already explained why we reject that construction of ¶ 2 of the Stipulation.

3.    Prejudgment Interest

Defendants challenge the award of 9% prejudgment interest under N.Y. C.P.L.R. § 5004, arguing that (1) federal, not state law, should have determined the award; and (2) even under New York law, restitution was not mandatory and, therefore, a 9% rate was not required. While defendants are incorrect as to choice of law, they are correct as to whether the rate was mandatory.

Because the "awarding of prejudgment interest is considered a question of substantive law," Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999), "federal law does not apply to the calculation of prejudgment interest on supplemental state law claims" where, as here, a plaintiff does not prevail on any of his federal claims.

7

Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 90 (2d Cir. 1998). Thus, New York law controls any award of prejudgment interest on Rhodes's contractual award.

Where prejudgment interest is mandatory, the statutory rate is 9%. See N.Y. C.P.L.R. § 5004. Interest is generally mandatory "upon a sum awarded because of a breach of performance of a contract," but an exception applies "in an action of an equitable nature." Id. § 5001(a). The nature of a claim is determined by "the nature of the relief demanded." Lewis v. S.L. & E., Inc., 831 F.2d 37, 39 (2d Cir. 1987). Rhodes here requested damages and "such other and further relief as the Court deems just and proper," Compl., Doc. 1, at 20, which was broad enough to include specific performance, a form of equitable relief, and equitable relief is what he was granted. See, e.g., Warberg v. GeoResources, 112 A.D.3d at 86, 973 N.Y.S.2d at 194. In such circumstances, a prejudgment interest award is discretionary rather than mandatory.[1] See, e.g., Friedman v. Miale, 69 A.D.3d 789, 791, 892 N.Y.S.2d 545, 547 (2d Dep't 2010) (indicating that prejudgment interest was discretionary on award of specific performance for breach of contract); Rathe v. Adirondack Concepts, Inc., 131 A.D.2d 81, 85–86, 520 N.Y.S.2d 82, 84–85 (3d Dep't 1987) (stating that where plaintiffs obtained both specific performance and damages for breach of contract, determination of interest rate was "within the proper exercise of the discretion of Supreme Court"). As New York courts have explained, when

---

[1] As a result, we reject Rhodes's claim that defendants waived any challenge to a 9% interest rate by (1) failing to object below to Rhodes's own request for that rate, and (2) by defendants themselves requesting 9% interest on the return of Davis's down payment. These positions were taken in discussions that—incorrectly—assumed legal damages would be awarded, in which case the statutory 9% rate would have been mandatory.

8

specific performance is granted, "the contract is being performed, and the purchaser has not lost the value of the bargain," and "<u>legal</u> damages are therefore inappropriate." <u>Freidus v. Eisenberg</u>, 123 A.D.2d 174, 177, 510 N.Y.S.2d 139, 142 (2d Dep't 1986) (emphasis added), <u>aff'd as modified</u>, 71 N.Y.2d 981, 529 N.Y.S.2d 69 (1988) (Mem.); <u>accord</u> <u>Gendot Assocs., Inc. v. Kaufold</u>, 115 A.D.3d 794, 795–96, 982 N.Y.S.2d 375, 376 (2d Dep't 2014). The authority Rhodes cites is consistent with this conclusion. <u>See, e.g.</u>, <u>Gross v. Sandow</u>, 5 A.D.3d 901, 903, 773 N.Y.S.2d 171, 173 (3d Dep't 2004) (holding that contract action for abatement and specific performance was "essentially equitable in nature" and, thus, award of prejudgment interest was matter of trial court discretion).

Accordingly, prejudgment interest of 9% per year was not mandatory in this case. <u>See</u> N.Y. C.P.L.R. § 5001(a). We therefore vacate that part of the judgment and remand for the district court to determine, in the exercise of its discretion, whether to award prejudgment interest and if so at what rate.[2] The district court should also determine on remand whether and to what extent Rhodes is entitled to attorneys' fees incurred in connection with this appeal, in accordance with New York law governing contractual fee-shifting provisions.

---

[2] The district court has discretion to award Rhodes prejudgment interest under § 5001(a), regardless of whether he specifically requested it. <u>See</u> <u>Graham v. James</u>, 144 F.3d 229, 239 (2d Cir. 1998); <u>Newburger, Loeb & Co. v. Gross</u>, 611 F.2d 423, 432–33 (2d Cir. 1979).

9

4.      Conclusion

We have considered defendants' remaining arguments, and we conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED IN PART and VACATED IN PART, and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court