ELIZABETH A. WOLFORD, United States District Judge
BACKGROUND
Plaintiff First Technology Capital, Inc. ("Plaintiff") commenced this action on *215 February 5, 2015, against Airborne, Inc. d/b/a/ Firstflight ("Defendant"), for damages allegedly sustained when Defendant breached a contract to purchase an aircraft from Plaintiff. (Dkt. 1). Following the filing of the parties' competing motions seeking various forms of relief (Dkt. 30; Dkt. 39; Dkt. 47; Dkt. 57), the Court issued a Decision and Order on August 2, 2017, granting Defendant's motion for judgment on the pleadings and dismissing Plaintiff's Complaint based upon Defendant's perfect tender defense (Dkt. 71). On September 5, 2017, Plaintiff appealed the judgment entered against it. (Dkt. 73). On July 3, 2018, the Second Circuit issued a summary order vacating the judgment and remanding the case for this Court to consider Plaintiff's motion for contract reformation before addressing Defendant's perfect tender defense. (Dkt. 74).
On August 15, 2018, Defendant's counsel filed a motion to withdraw as attorney of record. (Dkt. 75). The Court ordered Defendant's counsel to file proof of service that its motion papers were served upon Defendant and Defendant's CEO, John H. Dow ("Dow"). (Dkt. 77). Defendant's counsel complied with the Court's order. (See Dkt. 78; Dkt. 79). On October 3, 2018, Dow filed an affidavit stating that Defendant had no objection to the motion to withdraw, and that Defendant "has ceased all operations, ... has no assets and no employees[, and]... [t]here are no plans for [Defendant] to ever resume any operations or activities." (Dkt. 80 at ¶¶ 2-4).
The Court held a telephonic motion hearing on October 17, 2018, which was attended by Defendant's counsel and Dow. (Dkt. 85). Dow again raised no objections to the motion to withdraw. (Id. ). The Court advised the parties that it would grant the motion to withdraw and cautioned Dow that a corporation may not proceed pro se. The Court informed Dow that Defendant would have 30 days to retain new counsel and to file a Notice of Appearance. (Id. ).
On October 18, 2018, the Court issued an Order, granting the motion to withdraw and memorializing the admonishments it made to Dow at the motion hearing the previous day. (Dkt. 84). In particular, the Court advised Defendant "that failure to retain another attorney within the prescribed time may result in a default judgment against it because a corporation may not proceed pro se ." (Id. at 1). In spite of the Court's cautionary warning, no notice of appearance was filed within the 30-day deadline set by the Order.
On December 5, 2018, Plaintiff filed a motion for default judgment based upon Defendant's failure to retain new counsel as ordered by the Court. (Dkt. 89). The Court issued a motion scheduling order and required that Plaintiff serve Defendant and Dow with a copy of the order and Plaintiff's motion papers. (Dkt. 90). The Court reminded Dow that "a corporation may not proceed pro se ," and indicated that while he "may inform the Court of any progress made towards securing legal representation, any papers submitted in opposition to Plaintiff's motion must be filed by an attorney and be preceded by a notice of appearance filed on behalf of Defendant by that attorney." (Id. at ¶ 6). The next day, Plaintiff filed a certificate of service indicating that Defendant and Dow had both been served. (Dkt. 91). No other papers have since been filed by either party, and no attorney has appeared on Defendant's behalf.
DISCUSSION
I. Legal Standard for Seeking a Default Judgment
" Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of *216 litigation." Vt. Teddy Bear Co. v. 1-800 Beargram Co. , 373 F.3d 241, 246 (2d Cir. 2004). " Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." City of New York v. Mickalis Pawn Shop, LLC , 645 F.3d 114, 128 (2d Cir. 2011) (citation omitted). "The first step is to obtain an entry of default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention." Priestley v. Headminder, Inc. , 647 F.3d 497, 504-05 (2d Cir. 2011). "Although Rule 55(a) contemplates that entry of a default is a 'ministerial' step to be performed by the clerk of court, a district court judge also possesses the inherent power to enter a default." Peterson v. Syracuse Police Dep't , 467 F. App'x 31, 33 (2d Cir. 2012) (quoting Beller & Keller v. Tyler , 120 F.3d 21, 22 n.1 (2d Cir. 1997) ). "The second step is to seek a default judgment under Rule 55(b)." Crabtree v. Hope's Windows, Inc. , No. 3:17-CV-01709 (VAB), 2018 WL 2436992, at *5 (D. Conn. May 30, 2018). " Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear and is not an infant or incompetent person." New York v. Green , 420 F.3d 99, 104 (2d Cir. 2005). "In all other cases Rule 55(b)(2) governs. It requires a party seeking a judgment by default to apply to the court for entry of a default judgment." Priestley , 647 F.3d at 505.
II. Defendant is in Default for Failing to Retain New Legal Counsel
"The Second Circuit has repeatedly affirmed district court cases that granted default judgments against corporate defendants that were specifically instructed to retain counsel by a certain date, yet failed to do so." Grant v. West , No. 97 CV 6560 (ILG), 2001 WL 1597804, at *4 (E.D.N.Y. Nov. 6, 2001) (collecting cases); see Grace v. Bank Leumi Tr. Co. of N.Y. , 443 F.3d 180, 192 (2d Cir. 2006) ("[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, F[ed]. R. Civ. P." (quoting SEC v. Research Automation Corp. , 521 F.2d 585, 589 (2d Cir. 1975) )); see generally Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council , 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); Jones v. Niagara Frontier Transp. Auth. , 722 F.2d 20, 22 (2d Cir. 1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread."). A corporation's failure to comply with a court order to secure legal counsel has been characterized as a failure to "otherwise defend" the action pursuant to Rule 55(a). See, e.g., Eagle Assocs. v. Bank of Montreal , 926 F.2d 1305, 1310 (2d Cir. 1991) ; Shapiro, Bernstein & Co. v. Cont'l Record Co. , 386 F.2d 426, 427 (2d Cir. 1967) ; S & K Commack Dev., LLC v. Hasn Dry Cleaners, Inc. , No. 13-CV-5297 SJF ARL, 2015 WL 4139357, at *7 (E.D.N.Y. July 9, 2015) ; Kiewit Constructors, Inc. v. Franbuilt, Inc. , No. 07-CV-121 A, 2007 WL 4405029, at *2 (W.D.N.Y. Dec. 14, 2007) ; see generally Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").
Here, Dow was advised on three separate occasions that Defendant, as a *217 corporation, may not proceed pro se and that it was required to secure legal counsel to continue to defend this action. (Dkt. 84; Dkt. 85; Dkt. 90). The Court specifically warned Dow that Defendant's failure to obtain legal representation in this matter "may result in a default against it." (Dkt. 84 at 1). Defendant has failed to appear through counsel. Accordingly, because Defendant failed to secure legal counsel and file a notice of appearance within the prescribed time permitted by the Court, Defendant is in default for its failure to "otherwise defend" against this action. See Cabrera v. Canela , No. 14 CV 4874 (LDH) (RML), 2018 WL 3742686, at *2 (E.D.N.Y. Apr. 19, 2018) ("[T]he court need not go through the formal step of ordering the Clerk to enter a default, as 'a district judge also possesses the inherent to enter a default.' " (quoting Mickalis Pawn Shop, LLC , 645 F.3d at 128 )); see also Pinaud v. County of Suffolk , 52 F.3d 1139, 1152 n.11 (2d Cir. 1995) (describing an "entry of a default" as "largely a formal matter" (quotation omitted)); see generally Christa Constr., LLC v. Connelly Drywall, LLC , 879 F.Supp.2d 389, 393 (W.D.N.Y. 2012) (concluding that the corporate entity's "failure to 'otherwise defend' by its refusal to obtain new counsel" resulted in its default, and granting the plaintiff's motion for default judgment without ordering a formal entry of default).
III. Entry of Default Judgment Against Defendant is Warranted
A. Legal Standard
Once a party is deemed in default, "the Court will accept as true the allegations of the complaint that establish the defaulting [defendant's] liability." Am. Fruit & Vegetable Co. v. Ithaca Produce, Inc. , 848 F.Supp.2d 375, 377 (W.D.N.Y. 2011). "The court, however, must still determine whether, based on the complaint's well-pleaded allegations, the complaint states a claim upon which relief can be granted." Granite Music Corp. v. Ctr. St. Smoke House, Inc. , 786 F.Supp.2d 716, 726 (W.D.N.Y. 2011). In other words, where a defendant corporation has "failed to retain counsel, a plaintiff is entitled to default judgment where 'drawing all reasonable inferences in the moving party's favor, the facts alleged in the complaint state a claim for relief as to each cause of action.' " Argento v. Santiago , No. 16-CV-6172P, 2019 WL 948186, at *2 (W.D.N.Y. Feb. 27, 2019) (quoting Sky Vapors, LLC v. Blazynski , No. 14-CV-01078-A, 2018 WL 6696995, at *2 (W.D.N.Y. Dec. 20, 2018) ).
"[A] default judgment establishes [the defendant's] liability." Bambu Sales, Inc. v. Ozak Trading Inc. , 58 F.3d 849, 854 (2d Cir. 1995). "Upon establishing a defendant's liability, the only remaining question is whether the plaintiff has provided adequate evidentiary support for the damages sought." Granite Music Corp. , 786 F.Supp.2d at 726 (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp. , 973 F.2d 155, 158 (2d Cir. 1992) ).
On a motion for default judgment, "a court must evaluate the following three factors: '(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment.' " Union Mut. Fire Ins. Co. v. Dibartolomeo , No. CV 17-2662 (JS)(AYS), 2018 WL 4522105, at *3 (E.D.N.Y. Aug. 22, 2018) (quoting United States v. McDermott , No. 12 CV 4440, 2014 WL 1272566, at *3 (E.D.N.Y. Feb 14, 2014), report and recommendation adopted , 2014 WL 917267 (E.D.N.Y. Mar. 10, 2014) ); see also *218 United States v. McDermott , No. 12 CV 04440 DRH AKT, 2014 WL 1272566, at *3 (E.D.N.Y. Feb. 14, 2014) ("As the Second Circuit notes, when determining whether to grant a default judgment, the Court is guided by the same factors that apply to a motion to set aside entry of a default." (citing Pecarsky v. Galaxiworld.com Ltd. , 249 F.3d 167, 170-71 (2d Cir. 2001) )), report and recommendation adopted , 2014 WL 917267 (E.D.N.Y. Mar. 10, 2014). Before addressing the facial validity of Plaintiff's allegations, the Court will first determine whether these three factors weigh in favor of granting Plaintiff's motion.
B. The Three Factors Support Entry of Default Judgment
Courts have held that "a defendant's nonappearance and failure to respond sufficiently demonstrates willfulness." Union Mut. Fire Ins. Co. , 2018 WL 4522105, at *3 ; see, e.g., Luna v. Gon Way Constr., Inc. , No. 16 Civ. 1411 (ARR) (VMS), 2017 WL 835321, at *4 (E.D.N.Y. Feb. 14, 2017), report and recommendation adopted , 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017). For example, default judgment was warranted where corporate defendants were "ordered on no fewer than two occasions to appear through counsel" and yet failed to do so. Robertson v. Doe , No. 05 CIV. 7046 (LAP), 2008 WL 2519894, at *4 (S.D.N.Y. June 19, 2008). Here, Defendant has not appeared through counsel despite having been ordered to do so and warned of the consequences. (See Dkt. 84; Dkt. 85; Dkt. 90). Accordingly, Defendant's failure to appear by counsel sufficiently establishes willfulness and favors granting Plaintiff's motion.
Furthermore, given Defendant's apparent insolvency, there is no indication in the record that Defendant ever intends to comply with this Court's prior orders requiring that it secure legal representation.[1] As such, if the motion for default judgment is denied, Plaintiff, as the non-defaulting party, would be substantially prejudiced "as there are no additional steps available to secure relief in this Court." Bridge Oil Ltd. v. Emerald Reefer Lines, LLC , No. 06 Civ. 14226 (RLC) (RLE), 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008). In other words, "[w]ithout the entry of a default judgment, Plaintiff would be unable to recover for the claims adequately set forth in the Complaint." Flanagan v. N. Star Concrete Constr., Inc. , No. 13-CV-2300 (JS) (AKT), 2014 WL 4954615, at *7 (E.D.N.Y. Oct. 2, 2014). Accordingly, the prejudice that would result to the non-defaulting party also favors granting Plaintiff's motion.
The Court acknowledges that it had previously granted Defendant's motion for judgment on the pleadings based upon its "perfect tender" defense. (See Dkt. 71). In vacating that judgment and remanding the case, the Second Circuit instructed only that this Court should first address Plaintiff's argument for contract reformation before it reached Defendant's perfect tender defense. (Dkt. 74). Stated differently, the Second Circuit did not reject the merits of Defendant's perfect tender defense.
Nonetheless, whether or not Defendant could assert a meritorious defense does not preclude entry of default judgment. See Integrity Commc'ns Corp. v. Baker , No. 10 CIV. 3238 DAB RLE, 2012 WL 1309153, at *2 (S.D.N.Y. Mar. 26, 2012) ("[A]lthough Baker has presented some possibly meritorious defenses to the claims alleged in Schnitzer's Complaint, these do not outweigh the other factors favoring default."), report and recommendation *219 adopted , 2012 WL 1309136 (S.D.N.Y. Apr. 16, 2012). "Defendants who refuse to appear and defend against the claims made against them can not [sic] be allowed to benefit from their actions." Xerox Corp. v. Graphic Mgmt. Servs., Inc. , No. 11-CV-6397, 2014 WL 3894381, at *5 (W.D.N.Y. Aug. 8, 2014) (citing Ackra Direct Mktg. Corp. v. Fingerhut Corp. , 86 F.3d 852, 857 (8th Cir. 1996) ("[W]here the conduct of a party amounts to willful misconduct, the existence of a meritorious defense does not prohibit default judgment.")). Because Defendant has willfully defaulted in this action, and since Plaintiff would be significantly prejudiced by the denial of its motion for default judgment, the existence and viability of Defendant's previously-asserted perfect tender defense does not preclude entry of default judgment. Indeed, by defaulting Defendant abandons its assertion of the perfect tender defense-or any other defense-to Plaintiff's claims.
Therefore, because the Court concludes that, on balance, the foregoing three factors weigh in favor of granting default judgment, the only remaining question is whether Plaintiff has stated a facially valid claim for relief.
C. The Allegations in Plaintiff's Complaint, Accepted as True, Establish a Breach of Contract
Plaintiff's first and only cause of action alleges a breach of contract. (Dkt. 1 at 9-10). Under New York law, a breach of contract claim has four elements: "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." First Inv'rs Corp. v. Liberty Mut. Ins. Co. , 152 F.3d 162, 168 (2d Cir. 1998). Accepting Plaintiff's allegations as true, the Complaint states a claim for breach of contract.
Plaintiff alleges that it and Defendant entered into a contract for the sale of a 1999 McDonnell Douglas DC-9-83 aircraft carrying the tail number N973TW and the serial number 53623 (the "Aircraft"). (Dkt. 1 at ¶¶ 8, 30). Incorporated as part of that contract was a Technical Summary Report with information/specifications pertaining to a McDonnell Douglas MD-83 that, as it turns out, was not the Aircraft. (Id. at ¶ 28). Ultimately, Defendant rejected the Aircraft because it did not comply with the information/specifications contained in the Technical Summary Report. (Id. at ¶ 37).
Plaintiff asserts that Defendant's mistaken belief that the Technical Summary Report attached to the contract was related to the Aircraft was a "unilateral mistake" and did "not relieve [Defendant] of its obligations." (Id. at ¶ 43). Plaintiff further alleges that the sales contract was a "binding and enforceable agreement under New York law," and that Defendant materially breached that contract when it refused to purchase the Aircraft. (Id. at ¶ 47; see id. at ¶¶ 35-36). Because Defendant refused to purchase the Aircraft, Plaintiff found another buyer and sold the Aircraft for $ 575,000.00-$ 1,575,000 less than what was agreed upon in the sales contract. (Id. at ¶ 39). As such, Plaintiff alleges $ 1,575,000 in damages resulting from the breach (id. at ¶ 48), and seeks an award of damages, litigation costs, prejudgment and post-judgment interest, and "such other and further relief as the Court deems just and proper" (id. at 10).
Therefore, taking Plaintiff's allegations as true, the Court finds that Plaintiff sufficiently stated a claim upon which relief can be granted. As a result, default judgment is granted in favor of Plaintiff on its cause of action for breach of contract.
IV. Plaintiff is Entitled to Prejudgment Interest
Plaintiff also demands an award of prejudgment interest at a rate of nine percent *220 per annum beginning from April 9, 2014, or, alternatively, June 6, 2014, to the present day pursuant to the New York Civil Practice Law and Rules. (Dkt. 89-1 at 5-6).
It is well-settled that state law applies to questions of prejudgment interest in diversity cases before district courts. Ginett v. Comput. Task Grp. , 962 F.2d 1085, 1101 (2d Cir. 1992) ("This court has consistently held that, in diversity cases commenced under New York law, the source of the right to prejudgment interest is N.Y. Civ. Prac. L. & R. § 5001...."); see also Stanford Square, L.L.C. v. Nomura Asset Capital Corp. , 232 F.Supp.2d 289, 291-92 (S.D.N.Y. 2002) ("It is well settled that state law applies to an award of prejudgment interest in a diversity action in federal court."). In that regard, CPLR 5001, which governs prejudgment interest in New York, provides:
Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.
CPLR 5001(a) ; see Graham v. James , 144 F.3d 229, 239 (2d Cir. 1998) ("Under New York law, prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract." (quotation omitted)); Paddington Partners v. Bouchard , 34 F.3d 1132, 1139 (2d Cir. 1994) ("Pursuant to New York Law, a party is entitled to 'prejudgment interest' on damages for breach of contract from the date of the breach until the entry of final judgment."). Accordingly, "[w]hile awards of interest are generally discretionary, 'New York law does not permit the trial court to exercise any discretion where a party is entitled to [prejudgment interest] as a matter of right.' " Capital Ventures v. Republic of Arg. , 552 F.3d 289, 296 (2d Cir. 2009) (quoting New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co. , 352 F.3d 599, 602-03 (2d Cir. 2003) ) (alteration in original); see Schatzki v. Weiser Capital Mgmt., LLC , No. 10 Civ. 4685, 2014 WL 630650, at *1 (S.D.N.Y. Feb. 18, 2014) (" Section 5001 imposes an affirmative mandate on trial courts; they have no discretion not to award prejudgment interest under New York law." (quoting Gussack Realty Co. v. Xerox Corp. , 224 F.3d 85, 93 (2d Cir. 2000) )), aff'd sub nom. BPP Wealth, Inc. v. Weiser Capital Mgmt., LLC , 623 F. App'x 7 (2d Cir. 2015).
New York has set a rate of nine percent per annum for prejudgment interest. See CPLR 5004 ; Dormitory Auth. v. Cont'l Cas. Co. , 756 F.3d 166, 170 (2d Cir. 2014). Although New York law gives the court discretion to set the rate at which prejudgment interest accrues when the action is equitable in nature, that exception does not apply here. See Action S.A. v. Marc Rich & Co. , 951 F.2d 504, 508 (2d Cir. 1991) (admonishing courts not to use the discretion afforded by the "equity clause" of CPLR 5001(a) where the relief sought is limited to damages), abrogated on other grounds as recognized in Day Spring Enters., Inc. v. LMC Int'l, Inc. , No. 98-CV-0658A(F), 2004 WL 2191568, at *32 (W.D.N.Y. Sept. 24, 2004) ; Kirton v. Nw. Mut. Life Ins. Co. , No. 00-CV-7646(JS)AKT, 2006 WL 3051772, at *6 (E.D.N.Y. Oct. 24, 2006) ("A district court has no discretion to deviate from the mandatory rate and computation rules of § 5001(a) if a case is not clearly and predominantly equitable in nature.").
Although Plaintiff asserts that it "does not seek equitable relief" (see Dkt. 89-1 at 5), the Court notes that Plaintiff's prayer for relief could be construed as encompassing such relief. To be clear, *221 Plaintiff's Complaint specifically sought an award of damages, litigation costs, and interest against Defendant for its alleged breach of contract. (Dkt. 1 at 10). Nonetheless, Plaintiff also requested "such other and further relief as the Court deems just and proper." (Id. ). The Second Circuit has found that this language is "broad enough to include specific performance, a form of equitable relief...." Rhodes v. Davis , 628 F. App'x 787, 792 (2d Cir. 2015). However, unlike Rhodes and the cases upon which it relies, Plaintiff was never granted equitable relief and does not now seek such relief on its motion for default judgment. See Frommert v. Becker , 216 F.Supp.3d 309, 312 (W.D.N.Y. 2016) ("while prejudgment interest is generally mandatory in breach of contract actions, it is discretionary where the relief granted is equitable" (emphasis added) (citing Rhodes , 628 F. App'x at 792-93 )), order clarified on reconsideration sub nom. Frommert v. Conkright , No. 00-CV-6311L, 2017 WL 3867795 (W.D.N.Y. May 4, 2017), and aff'd , 913 F.3d 101 (2d Cir. 2019) ; cf. Rhodes , 628 F. App'x at 792-93 (finding "prejudgment interest of 9% per year was not mandatory" where the plaintiff "was granted" equitable relief); Friedman v. Miale , 69 A.D.3d 789, 791, 892 N.Y.S.2d 545 (2d Dep't 2010) (finding that "[t]he Supreme Court did not improvidently exercise its discretion in awarding the plaintiff prejudgment interest" where the Supreme Court "directed specific performance of the contract"); Rathe v. Adirondack Concepts, Inc. , 131 A.D.2d 81, 83, 520 N.Y.S.2d 82 (3d Dep't 1987) (stating that "the determination of the rate and date of payment of interest [was] within the proper exercise of the discretion of Supreme Court" where the plaintiff received an award of damages and specific performance of the contract). Put simply, this case was predominately an action at law and it is a legal remedy of damages that has been granted through the default judgment. As such, "the statutory rate of interest governs." Action S.A. , 951 F.2d at 508 ; see, e.g., Kirton , 2006 WL 3051772, at *6.
The CPLR also offers guidance for determining the date at which any interest began to accrue. CPLR 5001 directs that prejudgment interest shall be computed:
from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.
CPLR 5001(b). "In New York, a breach of contract cause of action accrues at the time of the breach." Citibank, N.A. v. Barclays Bank, PLC , 28 F.Supp.3d 174, 185 (S.D.N.Y. 2013) (quoting Ely-Cruikshank Co. v. Bank of Montreal , 81 N.Y.2d 399, 402, 599 N.Y.S.2d 501, 615 N.E.2d 985 (1993) ); see also Brushton-Moira Cent. Sch. Dist. v. Fred H. Thomas Assocs., P.C. , 91 N.Y.2d 256, 262, 669 N.Y.S.2d 520, 692 N.E.2d 551 (1998) ("The award of interest reflects a recognition of the principle that damages are properly ascertained as of the date of the breach and a recognition that there may be a time lag between the accrual of a plaintiff's cause of action and the resulting damage sustained and actual payment by defendant."). "Prejudgment interest is intended to compensate the nonbreaching party for lost use of money owed by the breacher." Bluelinx Corp. v. N. Y. Rebar Supply, Inc. , No. CV 12-5916 ADS GRB, 2014 WL 4293701, at *3 (E.D.N.Y. Feb. 28, 2014) (citing J. D'Addario & Co., Inc. v. Embassy Inds., Inc. , 20 N.Y.3d 113, 117, 957 N.Y.S.2d 275, 980 N.E.2d 940 (2012) ), report and recommendation adopted , 2014 WL 4286003 (E.D.N.Y. Aug. 28, 2014). As such, "[a]n *222 award of interest is 'often appropriate from the time at which a party was deprived of the use of money.' " Calgon Carbon Corp. v. WDF, Inc. , 700 F.Supp.2d 408, 416 (S.D.N.Y. 2010) (quoting Lawyers' Fund for Client Prot. v. Bank Leumi Tr. Co. , 94 N.Y.2d 398, 407, 706 N.Y.S.2d 66, 727 N.E.2d 563 (2000) ). "[W]here damages are incurred at various times after the cause of action accrues, section 5001 grants courts wide discretion in determining a reasonable date from which to award pre-judgment interest." Conway v. Icahn & Co. , 16 F.3d 504, 512 (2d Cir. 1994).
Plaintiff seeks prejudgment interest on the amount of $ 1,575,000.00-the damages allegedly resulting from Defendant's breach that could not be mitigated by the resale of the Aircraft. (Dkt. 89-1 at 5-6). Plaintiff proposes that the Court use one of two dates in computing the amount of interest owed: (1) April 9, 2014, the date Defendant allegedly breached the sales contract; or (2) June 6, 2014, the date Plaintiff resold the Aircraft for $ 575,000.00. (Id. at 6). Because April 9, 2014, is the earliest ascertainable date that the breach of contract cause of action accrued-the date Defendant allegedly repudiated its obligations under the sales contract-prejudgment interest should be computed from that date.
CONCLUSION
For the foregoing reasons, Plaintiff's motion for default judgment (Dkt. 89) is granted. The Clerk of Court is directed to enter a default judgment in favor of Plaintiff in the amount of $ 1,575,000.00, plus prejudgment interest at the rate of nine percent per annum from April 9, 2014, and thereafter close the case.
SO ORDERED.

The Court also notes that Defendant failed to participate in Plaintiff's appeal, "neither filing a written brief nor appearing at oral argument to defend the judgment below." (Dkt. 74 at 2).